ALICE D. WILKIE et al. v. NATIONAL COUNCIL UNITED
AMERICAN MECHANICS.

(Filed 23 December, 1909.)

Insurance, Life—Fraternal Orders—Good Standing—Past Dues—
Waiver.

> In an action to recover upon a death certificate of the National
> Council U. A. M., it appeared that the insured was in arrears for
> weekly dues to the local lodge for eight months preceding his
> death. The condition of the insurance, as stated in the certificate,
> was that the insured must be a member in good standing in the
> subordinate lodge affiliating with the National Council, and in
> good standing of the Funeral Benefit Department; and by the
> Constitution and By-Laws of the Order, that he would forfeit all
> his rights and privileges, except that of being admitted to the
> council chamber during its session, if he should become more than
> thirteen weeks in arrears for weekly dues. *Held,* (1) that under
> the express stipulations of the certificate on which the cause of
> action was based, no recovery could be had; (2) a payment made
> by the local lodge to the National Council of a portion of certain
> fees due the latter by the former, necessary to preserve its con-
> nection and standing, could not be considered as a waiver.

APPEAL from *Justice, J.,* January Special Term, 1909, of
RUTHERFORD.

Civil action, to recover on a death certificate. There was a
verdict for plaintiff, and judgment, and defendant excepted and
appealed.

*McBrayer, McBrayer & McRorie* for plaintiff.
*S. Gallert* for defendant.

PER CURIAM: The action is brought on a certificate, in terms
as follows:

"The National Council, Junior Order United American Me-
chanics, United States of America (incorporated April 10, 1893),
will pay to the legal dependent of C. D. Wilkie, within thirty
days from the proof of his death, the sum of five hundred dol-
lars ($500), upon the condition that the said C. D. Wilkie is
now and shall be at the time of his death a beneficial member in
good standing of a subordinate council of said order, and affili-
ating with the national council of said order, and also a member
in good standing of the funeral benefit department of said
national council, in Class B, in accordance with the laws of said
national council, and his State and subordinate council, now in
force or hereafter adopted prior to said death."

On the trial it appeared that the C. D. Wilkie mentioned had

died in July, 1906, and that at the time of his death he was in arrears for dues to the local lodge for the eight months preceding his death. It was further shown that the regulations of the order affecting the question were as follows:

"Constitution and By-Laws for the Government of Subordinate Councils of Junior Order U. A. M., under the jurisdiction of the State Council of North Carolina, on page 37, Article IX, sec. 3:

"Sec. 3. A member of this council who is thirteen weeks or more in arrears for dues forfeits all his rights and privileges, except that of being admitted into the council chamber during its session."

On page 38, Article X, sec. 4:

"Sec. 4. Any brother who is thirteen weeks or more in arrears for weekly dues shall not be entitled to any sick benefits, nor shall he, in case of death, be entitled to funeral benefits."

From this testimony it appears that, while the name of C. D. Wilkie had been kept on the roll of the lodge, he was not a member in good standing, but only entitled to admission into the council chamber; and, therefore, by the express stipulations of the certificate on which the cause of action is based, the plaintiff could not recover. The case is controlled by the decision in *Melvin v. Insurance Co.,* 150 N. C., 398, and the authorities cited in that opinion, notably *Supreme Lodge v. Keener,* 6 Tex. Civ. App., 267; *Carlson v. Supreme Council,* 115 Cal., 466.

The payment by the local lodge of the portion of certain fees due the national council could in no sense be considered a waiver, affecting the validity of this claim; such payment was necessary to preserve the connection and standing of the local lodge itself, because they had kept the name of C. D. Wilkie on their roll and did not at all import that he was "in good standing in the subordinate council," according to the express condition of the certificate sued on.

The court should have given the defendant's prayer for instructions, to the effect that if the jury believed the evidence they would answer the issue for the defendant. For the error indicated, defendant is entitled to a new trial, and it is so ordered.

New trial.