W. G. PAGE, Administrator of C. W. Page, v. JUNIOR ORDER U. A. M.

(Filed 10 November, 1910.)

1. Insurance Orders — Policies — Rules — Dues — Arrearages — Forfeiture—Waiver.

The certificate in an insurance order sued on expressly stipulated that the insured at the time of his death shall be a beneficial member in good standing of a subordinate council affiliating with the national council, and also a member in good standing of the funeral benefit department of the national council, in accordance with the laws of the national council and subordinate council now in force or hereafter adopted prior to his death. The charters, rules and constitutions of the order applicable, provided that one becoming indebted to the order for weekly dues for thirteen weeks should not be entitled to the benefits until four weeks after all such arrearages had been paid, etc. *Held,* (1) it appearing that the insured had been in arrears for current dues for more than thirteen weeks, and had paid them while in his last sickness about six days prior to his death, his administrator could not recover on the policy without such satisfactory explanation as amounted to a legal excuse; (2) the payment of the back dues, under the circumstances, was not a waiver of the forfeiture.

2. Same—Sick Benefits—Offsets.

The law will not apply the sick benefits to be derived under the policy in an insurance order to the arrearages in weekly dues owed by the assured, which otherwise would invalidate the policy, when it appears that the assured had failed to follow the pre-

scribed methods of the policy required to entitle him to these benefits, and which upon the face of his policy, were binding upon him.

**3. Same.**

When it appears from the local charter of an insurance order that a designated committee "shall visit the sick or disabled brothers within six hours after being notified," and should this committee believe that the sick or disabled member was not "so sick or disabled as to render him incapable of procuring the means of subsistence, the committee may refer the matter to one or more respectable physicians," etc., and it appearing generally from both the local and the general charter that the sickness must be of this character, *held*, to entitle a member to sick benefits he must have been disabled from earning his livelihood, and such claim can be allowed against current dues only after notice to or knowledge by the company of the sickness, and its liability fixed in some way recognized by the company, and applicable under the provisions of the policy.

APPEAL from *W. J. Adams, J.,* at the March Term, 1910, of DURHAM.

Civil action to recover of defendant an amount alleged to be due upon a certificate of insurance issued by defendant to C. W. Page, deceased, the intestate.

The evidence tended to show that plaintiff had been a member, in good standing, in defendant's lodge and held a certificate of insurance therefrom, which entitled his "legal dependent" to recover $500 within 30 days from receipt of proof of death, on condition that the intestate, at the time of his death, should be a beneficial member, in good standing, of a subordinate council of said order, affiliating with the national council of said order, and also a "member, in good standing, of the funeral benefit department of the national council, in accordance with the laws of said national council, and his State and subordinate council now in force or hereafter adopted prior to his death;" that the intestate had paid his dues to 1 May, 1907, and thereafter ceased the actual payment of such dues till 5 September, 1907, when his sister, at intestate's request, paid the order $2.85, the amount of dues maturing to said date. That at the time of this payment, 5 September, the intestate was in a hospital, sick with typhoid fever and died of such disease on 11 September follow-

ing.   There is no evidence that the defendant lodge or its agencies or the State or local council had ever received any notice of the sickness of the intestate, or that any such notice was given, or that they had any knowledge of such sickness until there had been default in payment, or that any action of the local or other council had ever been taken in reference to said sickness.

At the close of the plaintiff's testimony and of the entire testimony there was motion to nonsuit by defendant, motion overruled and exceptions noted.   The jury rendered the following verdict:

1. Was the certificate of the defendant sued upon in force at the time of the death of C. W. Page, the plaintiff's intestate? Answer: Yes.

2. What amount, if any, is the defendant indebted to the plaintiff?   Answer: $500.

Judgment on the verdict for plaintiff, and defendants excepted and appealed.

*Aycock & Winston, Bryant & Brogden* for plaintiff.
*Douglas & Lyon* and *R. O. Everett* for defendant.

HOKE, J., after stating the case.   The certificate of insurance on which this action is brought has on its face the express stipulation that, in order to a recovery, the insured at the time of his death shall be a beneficial member in good standing of a subordinate council, affiliating with the national council and also a member in good standing of the funeral benefit department of the national council, Class B, in accordance with the laws of said national council and his State and subordinate councils now in force or hereafter adopted prior to his death.   These laws, appearing in the constitution and by-laws of the national, State and local councils, contain among others the following provisions bearing directly on the question presented:   A rule of the national council provides, that "no member who is in arrears for dues for thirteen weeks at the time of his death or at the time he became sick or disabled can place himself in good standing or become entitled to benefits during such sickness or disability by paying up such arrearages in part or in full during the continuance of such sickness or disability."

The State constitution and by-laws, sec. 3, provides: "That a member of the council who is thirteen weeks or more in arrears for dues forfeits all his rights and privileges except that of being admitted to the council chamber during its sessions."

The constitution and by-laws of the Fred Green Chapter (the local chapter), article 9, sec. 3, contains a similar provision.

Article 10, sec. 4, reads as follows: "Any brother suffering himself to become indebted to the council for weekly dues for thirteen weeks shall not be entitled to benefits until four weeks after all such arrearages have been paid; and for fifty-two weeks or over, for thirteen months after such arrearages have been paid." As the evidence shows that the intestate at the time of his death was in arrears for current dues much more than thirteen weeks, from 1st of May to the 5th of September, it would seem that no recovery could be had on the policy, certainly not unless some satisfactory explanation is offered amounting to a legal excuse. It is contended for the plaintiffs, that although no actual payment of dues was made by the intestate for the specified period, the said intestate was not in arrears, by reason of the fact that he was entitled for a portion of the time to sick benefits and to an amount more than sufficient to pay off and discharge his current dues, but the position cannot be maintained. A perusal of these charters leads, we think, to the conclusion that in order to entitle a claimant to sick benefits, his sickness must be a kind that disables one having a prudent and proper regard for his own health and strength from pursuing his ordinary calling or earning his livelihood in some feasible or legitimate way. And second, that before a member can make good a claim for sick benefits as against dues, the council must have been notified of his sickness or acquired knowledge of it in some manner provided or recognized by the charter. Thus, in the charter of the local council, article 10, sec. 9, a committee is provided for, who shall "visit sick or disabled brothers within twenty-four hours after being notified" and pay them the sum specified in the by-laws. In sec. 5 it is provided: "Should the committee on relief believe that any member applying for the weekly benefits is not so sick or disabled as to render him incapable of procuring the means of subsistance for himself, the

committee may refer the matter to one or more respectable physicians, whose decision, if approved by the council, shall be final unless an appeal is taken to the State council." Referring to the kind of sickness contemplated, the charter of the local lodge reads: "Any *bona fide* member of this council who shall have been a member for six months if taken sick and unable to follow his usual or other occupation by which he can earn a livelihood." And in the general charter, article 10, sec. 2, "Any *bona fide* member if taken sick or is disabled and is unable to follow his usual or other occupation by which he can earn a livelihood," etc. And again, article 6, by-laws, sec. 1, "Any brother who shall be disabled by sickness or injury to his person from following his usual business, avocation or some legitimate business, etc." Article 8, sec. 1, of the general by-laws constitutes a relief committee and provides that any member knowing of a brother who is sick or in distress, shall at once report the facts to the councilor, etc., and it is made his duty to see that the sick continue to receive, during their inability, such assistance as these by-laws require, and no member shall apply to the council for benefits either "for himself or another unless the committee refuse or neglect to make the application." From these extracts it will sufficiently appear as stated, that to entitle a member to sick benefits, he must have been disabled from earning his livelihood and that such claim can only be allowed, as against current dues, after some notice or knowledge of the sickness has been brought home to the company, in some recognized way, and on the facts in evidence neither position has been established. All the testimony tended to show that while the intestate was complaining some in July, with the exception of a short vacation of ten days to the mountains for rest, he continued to do his regular and ordinary work and to earn his wages until 25 August, when he consulted a physician. That he was then taken down with typhoid fever and removed to a hospital on 27 August and died of the disease on the 11th of September. If it should be conceded that his sickness might have been such as to make him quit work in July preceding, there is no fact in evidence tending to show that the council had any notice or knowledge of his sickness until some time after the thirteen weeks had

passed and the standing of the intestate had been forfeited. Again it is contended that the forfeiture had been waived, on the part of defendant, by the receipt of the back dues, on 5 September, and that the standing of the intestate was thereby restored. But this payment was just six days before the death of the intestate and cannot avail the plaintiff: 1st. By reason of the rule established by the general lodge, "That the standing of a member in default shall not be restored by the payment of back dues during his sickness or disability." 2d. By reason of article 10, sec. 4, of the constitution of the local council, to the effect that any brother in arrears for thirteen weeks, shall not be entitled to benefits until four weeks after such arrears have been paid. The case is controlled by decisions of the Court in *Wilkie v. National Council,* 151 N. C., p. 527; *Melvin v. Insurance Co.,* 150 N. C., p. 398; *Hay v. Association,* 143 N. C., p. 256; *Lane v. Insurance Co.,* 142 N. C., p. 55. And on the facts in evidence the motion for nonsuit should have been allowed.

Judgment reversed.