W. D. CLIFTON, ADMINISTRATOR OF PAUL H. KORNEGAY, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

(Filed 31 March, 1915.)

**1. Insurance, Life—Premiums—Payment—Waiver—Evidence.**

The payment of a premium on a life insurance policy, according to its terms, is necessary to keep the insurance in force; and this requisite is not waived when the insurer receives the money for the premium when it is past due, in ignorance of the sickness of the insured, resulting in his death, without issuing a receipt, requests a statement of good health from the insured, and returns the money after his death, shortly thereafter occurring.

**2. Evidence—Letters—Originals—Notice to Produce—Carbon Copies.**

When the opposing party has been notified to produce the original letters, in his possession, at the trial, carbon copies thereof are admissible as evidence when the original ones would be, and when duly proven by the person who wrote them.

APPEAL by plaintiff from *Daniels, J.,* at August Term, 1914, of DUPLIN.

Civil action to recover on a policy of insurance issued on the life of the plaintiff's intestate by the defendant. The following issues were submitted to the jury without objection:

1. Did defendant waive the forfeiture of the policy of insurance sued on? Answer: "No."

2. If so, what amount is due the plaintiff on said policy? Answer:

----------

The court charged the jury, if they found the facts to be as testified to by all the witnesses, to answer the first issue "No." The plaintiffs appealed.

*Langston, Allen & Taylor, Gavin & Wallace, and J. F. Thompson for plaintiff.*

*J. O. Carr, James H. Pou for defendant.*

BROWN, J. It is elemental law that the payment of the premium is requisite to keep the policy of insurance in force. If the premium is not paid in the manner prescribed in the policy, the policy is forfeited.

Partial payment, even when accepted as a partial payment, will not keep the policy alive even for such fractional part of the year as the part payment bears to the whole payment. 19 A. and E. Enc., 48. .

The insurer may waive such conditions, and the unqualified, unconditional receipt of a past-due premium is a waiver. Where the facts upon which a waiver is based are undisputed, a question of law is presented for the decision of the court. Where the facts are in dispute and admit of different inferences, the matter of waiver should be submitted to the jury with proper instructions. All the evidence in this case tends to prove these facts:

The insured took out a policy of insurance for the sum of $2,000 on his life, and paid the first premium. He neglected to pay the second premium, and undertook, ten days after it became due, to arrange for the premium to be distributed quarterly, which was agreed to by the defendant. At this time the insured was in South Carolina. Nothing was then said about sickness.

Shortly after his request for a quarterly distribution of the premium, insured went home sick and grew steadily worse; and although he had received two premium notices, one thirty days before the premium fell due and the second a day or two after it fell due, calling his attention to the necessity of paying the premium, neglected to send the money.

After he grew desperately sick, his father, or some one, found the premium notice and saw that the time had passed, and asked his cousin, L. D. Dail, to send the premium to the company. Dail sent a money order and inclosed with it the premium notice, without any letter of explanation.

Defendant received this notice and money order, and immediately advised the insured that it could not accept the money as payment of the premium until he furnished a certificate of good health, blank for which defendant sent insured, as the time for the payment of the premium (including the days of grace) had expired.

Insured continued to grow worse and never furnished a health certificate. Defendant held the money so deposited in suspense and gave no receipt for the second premium. The money for the second premium was advanced by Dail, not at the request of Paul H. Kornegay, but at the request of Peter H. Kornegay, his father.

After the death of Paul H. Kornegay, Peter H. Kornegay wrote to the defendant and requested a return of the money. It was offered to him first in a check, which could not, under the circumstances, be cashed; and afterwards, on 1 August, it was paid over to him by Mr. Barker, defendant's district manager, who took a receipt for the same; and shortly thereafter Mr. Peter H. Kornegay repaid Mr. Dail.

We agree with his Honor that there is no evidence of a waiver of the conditions of the policy. The defendant had a right to receive the pre-

mium and hold it, awaiting the return of the health certificate. That not being forthcoming, the defendant properly returned the premium after the death of the insured. Receiving the premium under such circumstances is no evidence of a waiver. *Melvin v. Ins. Co.,* 150 N. C., 398; *Sexton v. Ins. Co.,* 157 N. C., 142; *Wilkie v. National Council,* 151 N. C., 527; *Page v. Junior Order,* 153 N. C., 404.

In *Hay v. Ins. Co.,* 143 N. C., 257, the *Chief Justice* very pertinently says: "It is always sad when one who has made payments on his policy deprives his family of expected protection by failure to pay at a critical time. But insurance is a business proposition, and no company could survive if the insured could default while in good health, but retain a right to pay up when impaired health gives warning. It is a warning of which the company also has the right to take notice when asked to waive a forfeiture. It is the insured's own fault when he does not make a payment as he contracted."

The doctrine laid down in the text-books and by the decisions of other States is in line with the dicisions of this State, as are also the decisions of the Supreme Court of the United States. *Klein v. Ins. Co.,* 104 U. S., 88; *Ins. Co. v. Statham,* 93 U. S., 24.

The plaintiff excepted to the introduction of carbon copies of certain letters. The defendant had given plaintiff due notice to produce the originals. The letters were written to the insured by the defendant's agent, McIntosh. The plaintiff had failed to produce the originals, consequently the carbon copies, which were duly proven by the person who write the letters, were competent.

We have examined the other exceptions in the record, and think they are without merit.

No error.