MRS. ED HILL v. LEXINGTON COUNCIL No. 21 JR. O. U. A. M.

(Filed 11 May, 1932.)

**Insurance K a—Acceptance of delinquent dues by executive secretary held waiver of constitutional and by-law provisions of benevolent order.**

Where the executive secretary of a mutual benefit insurance order, who solely is authorized under the constitution of the order to receive all money for membership dues, and who is charged with the duty of reporting to the order those members in arrears and notifying such members of their standing, fails to give the required notice to a delinquent member, and thereafter accepts the payment of the delinquent member's dues with knowledge that the member was then *in extremis: Held,* the acceptance by the secretary of the delinquent dues is a waiver of the provisions in the constitution and by-laws of the order with respect to the forfeiture of benefits for the nonpayment of dues, the executive secretary being an executive officer of the defendant with broad and comprehensive powers.

CIVIL ACTION, before *Stack, J.,* at October Term, 1931, of DAVIDSON. The evidence tended to show that Ed Hill was a grade B. member of Lexington Council No. 21 Jr. O. U. A. M. On 16 May, 1927, Ed Hill was taken to a hospital and operated on for appendicitis. He died

on 23 July, 1927. The evidence further tended to show that C. L. Leonard was the financial secretary of defendant Council and had held such position for thirteen years. The evidence further tended to show that on 22 July a brother of the deceased paid to said secretary the sum of $3.05 lodge dues, and that said secretary accepted the money and issued a receipt in full therefor. The secretary testified that the money was paid on 23 July, the day of the death of deceased. He said: "Mr. Roy Hill did not tell me he was dead when he paid me, but still seriously sick." Roy Hill testified that he told the secretary at the time of making the payment that his brother was not expected to live. Article 8, section 3, of the constitution of defendant provides: "A member of this council who is thirteen weeks or more in arrears for dues, forfeits all his rights and privileges, except that of being admitted into the council chamber during its sessions." Article 10, section 4, of said constitution provides: "Any brother who is thirteen weeks or more in arrears for weekly dues shall not be entitled to any sick benefits nor shall he, in case of death, be entitled to funeral benefits." Article 4, section 4, of the by-laws provides: "A member of this council, who is thirteen weeks or more in arrears for dues, forfeits all his rights and privileges except that of being admitted into the council chamber during its sessions," etc. Article 6, section 9, of the by-laws provides: "Any member suffering himself to become indebted to this council for thirteen weeks or more shall not be entitled to benefits until all arrearages are paid in full."

The jury found that the deceased, Ed Hill, was more than thirteen weeks in arrears in May, 1927, when he went to the hospital, and that he died on 23 July, 1927, and that at the time of his death the deceased was a member in good standing.

The verdict awarded $300 to the widow of the deceased.

From judgment upon the verdict the defendant appealed.

*H. R. Kyser for plaintiff.*
*A. J. Newton and Phillips & Bower for defendant.*

BROGDEN, J. Did the act of the financial secretary in accepting the payment of dues from a delinquent member, with notice that the member was in the hospital and seriously sick at the time, constitute a waiver of the by-laws and constitution of defendant council?

The constitution defines the duty of the financial secretary as follows: "It shall be the duty of the financial secretary to keep just and true accounts between the council and its members, receive all moneys due the council for dues, credit the amounts paid, and pay the same over

to the treasurer immediately, if present, taking his receipt for the same. He shall at the first meeting of the term make for the council a full report of all moneys received during the previous term; also a list of members in arrears and keep his books and papers at all times ready for inspection by the trustees. He shall perform such other duties as council or his office may require of him, and shall give such bond as may be provided in the by-laws." Article 8 of the by-laws provides in substance that when a member is thirteen weeks or over in arrears that notice shall issue to such member by the financial secretary that unless a sufficient amount of the arrearage is paid so as to reduce the arrearage to less than thirteen weeks that such member will be suspended. No such notice was given to the deceased and no action was taken by the lodge. Hence the deceased was a member of the lodge at the time of his death; although, of course, to be a member in good standing, it was necessary that his dues should not be more than thirteen weeks in arrears. Therefore, the sole question is whether the acceptance of the premium by the financial secretary and the receipt in full given by him with full knowledge that the deceased was then in the hospital and seriously ill constitutes a waiver of the by-laws. This Court has spoken upon the subject in *Clifton v. Ins. Co.*, 168 N. C., 499, 84 S. E., 817. *Brown, J.*, writing, said: "The insurer may waive such conditions, and the unqualified, unconditional receipt of a past-due premium is a waiver." It was held in the *Foscue case*, 196 N. C., 139, 144 S. E., 689, that a soliciting or collecting agent of an insurance company had no authority to waive the payment of premiums or to extend the time of payment, but the case at bar involves the authority of an executive officer of defendant. The powers committed by the lodge to the financial secretary are broad and comprehensive, constituting him the sole agent for the defendant for collecting premiums and giving receipts therefor. Consequently the instruction of the trial judge to the jury cannot be held for error.

The defendant relies upon *Page v. Junior Order*, 153 N. C., 404, 69 S. E., 414. It is to be noted, however, in that case that the lodge had duly established a rule to the effect "that the standing of a member in default shall not be restored by the payment of back dues during his sickness or disability." This rule so declared was an express limitation upon the power of the financial officer of the lodge to receive past due premiums. No such restriction appears in the by-laws of the present defendant. Hence the salutary principles announced in the *Page case* and the *Wilkie case*, 151 N. C., 527, 66 S. E., 579, do not apply. *Perry v. Ins. Co.*, 132 N. C., 283, 43 S. E., 837; *Foscue v. Ins. Co., supra.*

Affirmed.