HENRY J. KLEIN, Administrator for NATALIE LISIEWICZ KLEIN, Substitute Plaintiff v. AVEMCO INSURANCE COMPANY

No. 7510DC154

(Filed 2 July 1975)

1. **Insurance § 147— airplane insurance — partial payment of premium due — effect**

   Where insured failed to make an installment payment on an airplane insurance policy premium when due and the insurer sent insured a notice that the policy would be cancelled if the entire unpaid balance were not paid by a certain time, payment by the insured of the amount of a regular installment payment did not keep the policy alive for the fractional part of the year which the payment bears to the whole payment.

2. **Insurance § 147— airplane insurance — waiver of right to cancel — acceptance of late payments**

   Defendant insurer did not waive its right to cancel an airplane insurance policy for failure of insured to pay a premium installment in apt time by its reinstatement of the policy on other occasions when insured made late premium payments.

3. **Insurance § 147— airplane insurance — right to cancel — condition of keeping policy in effect**

   Where defendant insurer had the right to cancel a policy of airplane insurance for nonpayment of a premium installment when due, and insured failed to make an installment payment when due, the insurer had the right to require the insured to pay the full unpaid balance of the premium in order to keep the policy in effect.

4. **Rules of Civil Procedure § 56— summary judgment — no necessity for findings of fact**

   The trial court need not make findings of fact in passing on a motion for summary judgment.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 13 December 1974 in District Court, WAKE County. Heard in the Court of Appeals 17 April 1975.

Plaintiff filed a complaint on 1 November 1973 alleging that she purchased an airplane insurance policy from the defendant; that the policy was in effect on 28 July 1973, when the airplane crashed and was damaged in an amount exceeding $5,000, and that the defendant refused to compensate plaintiff for the damage to her airplane.

Defendant answered denying that the policy was in effect on 28 July 1973 and asking that plaintiff's cause of action be dismissed. Subsequently, defendant filed a motion for summary

judgment alleging there was no genuine issue as to any material fact, and defendant was entitled to a judgment as a matter of law. In support of the motion defendant submitted the affidavit of William B. Shoemaker, its Supervisor of Accounts Receivable. In this affidavit Shoemaker stated that on 11 July 1973 defendant sent plaintiff a notice stating her policy would be cancelled on 22 July 1973 unless a premium payment of $191.50 was received by that date; that on 16 July 1973 defendant received a payment of $38.30, but that no other payments were received before 22 July 1973 and the policy was then cancelled.

Plaintiff died while the action was pending, and, on motion, her administrator was substituted as plaintiff.

In opposition to defendant's motion for summary judgment plaintiff filed an affidavit, a deposition and several exhibits, which tended to show that the airplane had been insured with the defendant for several years; that on 16 January 1973 the policy was renewed for a period of one year for a total premium of $383, to be paid in ten monthly installments of $38.30 each, beginning 16 January 1973; that most of the monthly payments were not made on time; that in March and in May of 1973 defendant sent plaintiff cancellation notices threatening to cancel the policy unless the premiums were paid immediately; that these cancellation notices were followed by reinstatement notices when the payments were received; that by June of 1973 plaintiff had paid five monthly installments, and five monthly installments totalling $191.50 remained unpaid; that on 11 July 1973 defendant sent plaintiff a cancellation notice stating that her policy would be cancelled on 22 July 1973 if $191.50, the "full unpaid balance due" was not paid by that date; and finally that plaintiff already had made her sixth monthly payment of $38.30 on 10 July 1973 and she paid her seventh installment of $38.30 on 27 July 1973.

The affidavit of defendant's employee Shoemaker, showed further that inasmuch as the "full unpaid balance due" was not paid by 22 July 1973, plaintiff's policy was cancelled as of that date; that unearned premiums of $150 were credited to the policy, and finally that the unearned premium less the balance of payments due in the amount of $114.90 resulted in a refund of $35.10, which was mailed to plaintiff on 5 September 1973.

The trial court granted summary judgment for the defendant and plaintiff appealed.

*Vaughan S. Winborne for plaintiff appellant.*

*Smith, Anderson, Blount & Mitchell, by C. Ernest Simons, Jr., for defendant appellee.*

MORRIS, Judge.

[1]  It is first contended that since plaintiff paid seven of the ten premium installments, the policy should be considered as remaining in effect for seven-tenths of the year, or 255 days, which would mean the policy continued in force until 28 September 1973, well past 28 July 1973, the date when the airplane was damaged. Plaintiff urges that even without considering the last payment, the policy should be considered as having remained in force for six-tenths of the year, or 219 days, which would mean the policy continued in effect until 23 August 1973. We disagree.

> "It is elemental law that the payment of the premium is requisite to keep the policy of insurance in force. If the premium is not paid in the manner prescribed in the policy, the policy is forfeited. *Partial payment, even when accepted as a partial payment, will not keep the policy alive even for such fractional part of the year as the part payment bears to the whole payment.* (Citation omitted.)" (Emphasis supplied.) *Clifton v. Insurance Co.,* 168 N.C. 499, 499-500, 84 S.E. 817 (1915).

Plaintiff next argues that by the acceptance of the last two payments and its past conduct as to late payments, defendant waived its right to insist on immediate payment of the premium installments and to require a forfeiture of the policy for delay in payment. We find no merit in this contention.

With respect to the last two payments actually received by the defendant, we note that the payment sent by plaintiff on 10 July 1973 was for the premium payment due in June. Defendant had earned the full amount of that payment. Similarly, defendant had earned a portion of the payment sent by plaintiff on 27 July 1973, since, under the terms of the cancellation notice, coverage was in effect until 22 July 1973. Plaintiff was entitled to and did receive a refund amount of $35.10, which represented unearned premiums subsequent to 22 July 1973.

[2]  Turning to the question of whether defendant's past conduct as to late payments amounted to a waiver, we note that

Klein v. Insurance Co.

paragraph 20 of the policy, which is entitled "Cancellation for Non-payment of Installment Premium—All Coverages," in pertinent part, provides as follows:

> "Upon the failure of the named insured to pay any installment of the premium, the insurance shall cease and terminate, provided at least ten (10) days notice is mailed by the company to the named insured at the address shown in this policy stating when thereafter such cancellation shall become effective."

All of the evidence in the case at bar shows that the defendant sent the plaintiff notice of cancellation of the policy in accordance with the above terms each time plaintiff was delinquent in the payment of premiums. In each instance the policy was reinstated only after the receipt of the necessary premiums. Defendant was in no way obliged to reinstate the policy at any time after plaintiff's default in the payment of premiums, and, in our opinion, plaintiff may not now complain when defendant has elected to cancel the policy for the nonpayment of premiums.

[3]  Furthermore, we conclude that, having the right to cancel the policy when premiums were not paid when due, defendant clearly had the right to state the conditions under which the policy could be kept in force. Here the conditions were payment of the full unpaid balance of $191.50 by cashier's check or money order before 22 July 1973. Plaintiff did not comply with these conditions and may not now complain.

> Our Supreme Court has held that:

> " 'If after a breach of the conditions of the policy the insurers, with a knowledge of the facts constituting it, by their conduct lead the insured to believe that they still recognize the validity of the policy and consider him as protected by it, and induce him to incur expense they will be deemed to have waived the forfeiture and will be estopped from setting it up as a defense.' " *Perry v. Ins. Co.*, 132 N.C. 283, 288, 43 S.E. 837 (1903), citing *Grubbs v. Ins. Co.*, 108 N.C. 472, 13 S.E. 236 (1891), and 23 Am. St. 62.

> Here the notice of cancellation on 22 July 1973 was clear and unambiguous. Defendant in no way induced or led plaintiff to believe the policy would be kept in force after 22 July 1973 in any manner other than payment of the full unpaid balance of premiums.

[4]   Plaintiff's only remaining contention is that the judgment entered by the trial court is improper because it contains no findings of fact or conclusions of law. As we noted in *Wall v. Wall*, 24 N.C. App. 725, 729, 212 S.E. 2d 238, 241 (1975),

> ". . . it is not necessary for the trial judge in passing on motions for summary judgment to make findings of fact. The following from *General Teamsters, Chauffeurs & Helpers U. v. Blue Cab Co.*, 353 F. 2d 687, 689 (7th Cir. 1965), may be instructive:
>
> 'The making of additional specific findings and separate conclusions on a motion for summary judgment is ill advised since it would carry an unwarranted implication that a fact question was presented.' "

For the foregoing reasons the decision of the trial court granting defendant's motion for summary judgment is hereby affirmed.

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.