Mr. Chief Justice Marshall
 

 delivered the opinion of the Court; t—
 

 This was ah action of debt on a judgment which had been rendered in favour of the United States, against .Thomas Sheppard, and the two defendants in, error. •- The marshal returned, as to Sheppard,
 
 non est inventus.
 
 -The other two defendants pleaded that they’were sureties to Sheppard, in the bond on’ which the forme» judgment was rendered; that the United
 
 *575
 
 States took out a c«.
 
 sa.
 
 on that judgment, against Sheppard, by virtue of which he was imprisoned; whereupon William H. Crawford, the Sécretary of the Trea'sury of the'United States, released the said Sheppard from execution,, on his paying costs, ■ and conveying all his property, real, personal, and mixed, to the United States; with which condition, it is admitted, Shep*. pard complied. The United States demurred, and the Circuit Court gave judgment on the demurrer,
 
 proforma,
 
 for the.defendants; which judgment is now before this Court on a-writ pf error.
 

 It is not denied, that at Common Law, the" release of a debt- or" whose person is in execution, is. a release of the judgment . itself; Yet the body is not satisfaction in reality, but is held as the surest means of coercing satisfaction. The law Will not permit" a" man to proceed at the same time against the person and estate of his debtor; and when the creditor has elected to take the person, it presumes satisfaction,'if the person be voluntarily released. The release of the judgment is, therefore, the legal consequence of the voluntary discharge of the person by the creditor..
 

 This being the positive operation of the Common Law, it may unquestionably be changed by statute.
 

 The United-States contend, that it is changed by the Act providing for the relief of persons imprisoned for debts due to the • United States.- That Act authorizes the" Secretary of thé Treasury, on.receiving a conveyance of the estate of a debtor confined in jail at the suit of the United States, or any collateral security, to the use of the United States,-to discharge such debtor from his imprisonment under such execution; and he shall not be again imprisoned for the said debt; “But the judgment shall remain good and .sufficient- in law, and may be satisfied out of-any estate, which may then or at any time afterwards belong; to the debtor.’?
 

 The sole duty of the Court is to construe this statute according to its words, and the intent’ of the legislature. Did - Congress design to discharge the sureties or to release the judgment? -
 

 The Act is “For the relief of persons imprisoned for debts i due to the United States,” not for the relief of their sureties; and does not contain a single expression conducing to (he opinion, that the mind of the legislature was directed towards "the sureties, or contemplated their, discharge. The only motive for the Act, being to relieve debtors who surrender" all their- property, from the then Useless punishment of imprisohment; there can be no motive for converting this Act of mere humanity, into the discharge of other debtors, whose condition it does not in any measure deteriorate. If the Act produces thi>
 
 *576
 
 effect, it' is an effect contrary to its intention, occasioned by a technical rule, originating in -remote ages; which has never been applied, to a statutory discharge of the person.
 

 But the language of the statute has guarded against this result. It has. expressly declared, that the judgment shall remain good and sufficient in,law. • Hów can this Court say that it is not good, and'is not sufficient ? If' it be good and suffici- . ent, for what purpose is It so? Certainly, for the purposes'for which it was rendered — to enable the United States to proceed regularly upon it, as upon o.thef judgments; with, the single exception, made by the Act itself. The voluntary discharge of a debtor, by his creditor, is a release of‘the judgment, because such'is the law. ■ But in this case,, the legislature has altered the law. It-has declared that the discharge of. a debtor in the forms prescribed, - shall amount solely to a liberation of the person — not to a release of-the judgment. That shall remain good and sufficient. Were Courts to -.say, that, notwithstanding this provision, the judgment is released, it would amount .to-á declaration that' a technicaL rule, in the Common Law; founded in. a presumption growing out of the simplicity of ■ ancient limes,- and- not always consistent with the fact, is paramount to the legislative power! It would in fact-be to repeal the'statute. It would unquestionably be-te defeat the object of the legislature; since it would be no very hardy assertion'to say, •that, if the discharge of the person in custody discharged the other obligprs, the,imprisoned debtor would never be released, while the debt remained'unpaid; unless the insolvency extended to all die obligors. .
 

 ' - -The second point made by the. counsel for the. defendants, that the sureties are exonerated'by the-compromise made with -the principal -without their concurrence, is the same in principle with that which has been considered; No compromise, of the debt has .been. made. The course prescribed by the .law. has been pursued;' The whole' propertyof the. imprisoned debtor has been surrendered, and. on receiving it, his person has. been discharged. The Act of Congress declares, that the judgment shall still remain in force'. If the' creditor had entered into a compromise not prescribed bylaw, or had'given any discharge pot directed by statute, the question-might have been opén for argument. But,"while the whole transaction is within the- precise .limits marked'out by law; it cannot-produce a result directly opposite to that intended by the statute. The. only-doúbt which can be suggested,respecting the intent, of the legislature, - is created by the.last-words of the sentence, declaring, that the judgment shall remain good arid sufficient in law. ItThey aré' “ and máy be satisfiéd out of any estate which may then, or at any time afterwards belong to the debtor.” These words are.cer-;
 
 *577
 
 tainly useless'; and may be supposed to' indicate an idea, that it could be Satisfied out of the estate of the debtor only. That .as "they are not required to render that estate liable, they may be understood to limit the right of the creditor to obtain sati ■ - .faction' from the estate of any other person. We do hot how.ever think this-.the'correct construction.. The words are considered as mere surplusage, not as limiting the rights of the United States to proceed against all those who are bound by the judgment.
 

 We think, then, that the Circuit Court ought to have sustained the demurrer; and that the judgment which overrules it ought to be. reversed. But considering the plea, and the man* ner in which the 'cause has been brought up, the. Court will not direct an absolute judgment to be entered for the United States; -but will reverse the judgment and remand the same for further proceedings, that the Circuit Court may give leave ■to the defendants to plead.
 

 This cause came on &c.' on consideration whereof, It is adjudged and ordered, that the judgment of said Circuit Court ,in this cause be and the'same is hereby reversed and annulled, and .that the cause be remanded, that the said Circuit Court may give leave .to the defendants to-plead.