MATTIE PAUL v. RELIANCE LIFE INSURANCE COMPANY.

(Filed 15 March, 1922.)

1. **Insurance, Life—Days of Grace—Premium—Time of Payment—Forfeiture—Waiver.**

   The time limited by a contract of life insurance for the payment of premiums to avoid a forfeiture is for the benefit of the insurer, which it may waive by its acts and conduct.

2. **Same—Evidence.**

   The days of grace for payment of a life insurance premium were out on 3 August.   On 27 July preceding, insurer wrote calling attention to the forfeiture, and offering to make helpful suggestions for payment. Insured's immediate reply offering premium note was received by insurer on 2 August, and on the same day it wrote enclosing its form note for a part of the premium and requesting a cash payment for the balance, evidently too late for a compliance by due course of mail by 3 August, which was received by the insured on 6 August, and on the following day he signed and mailed the note and his check for the cash balance; 10 August the insurer wrote declining acceptance, and insisted on the forfeiture.   On the day following the insured died of sudden illness, and the beneficiary instituted this action on the policy: *Held,* the evidence raised a reasonable inference of the defendant's waiver of the strict time

PAUL *v.* INS. CO.

limit for payment, and that the insured acted with reasonable promptness, sufficient for the determination of the jury, and an instruction directing a verdict for defendant constituted reversible error.

APPEAL by plaintiff from *Lyon, J.,* at November Term, 1921, of PAMLICO.

Civil action to recover on a life insurance policy issued by the defendant to Reginald Paul, now deceased, the plaintiff being named as beneficiary in said contract of insurance.

From a verdict and judgment in favor of defendant, the plaintiff appealed, assigning errors.

*D. L. Ward and F. C. Brinson for plaintiff.*
*Guion & Guion for defendant.*

STACY, J. On 3 July, 1919, the defendant entered into a contract of insurance with plaintiff's minor son, a boy fifteen years of age, whereby it was agreed that the Reliance Life Insurance Company of Pittsburg, Pa., would pay to the plaintiff, mother of the insured, the sum of $5,000 upon receipt, at its home office in Pittsburgh, of due proof of the death of Reginald Paul; provided, said contract of insurance was in full force and effect at the time of his death. The second annual premium of $135 was due and payable on 3 July, 1920, with one month or 31 days of grace, during which time it was provided that the insurance should remain in force; but it was further stipulated: "If any premium or installment thereof be not paid before the end of the period of grace, then this policy shall immediately cease and become void, and all premiums previously paid shall be forfeited to the company." This second premium was not paid when due, nor strictly within the period of grace allowed by the terms of the policy; but it is contended that the defendant waived a strict compliance with the provisions, in respect to time, and that the policy was in force on 11 August, 1920, the date of the death of the insured.

The facts relating to the alleged waiver are as follows: On 26 July, 1920, the defendant, writing from its office in Charlotte, N. C., addressed a letter to the insured at Grantsboro, N. C., calling his attention to the fact that the last day of grace for the payment of his insurance premium would expire on 3 August; and further added: "If it is inconvenient for you to pay the premium at this time, or if you are delaying payment for any other reason, we shall be glad to have you advise us immediately as no doubt we shall be able to offer to you some suggestion that will be of benefit to you." Immediately upon receipt of this letter, the insured and his father, Smith Paul, replied, writing in pencil at the bottom of defendant's letter, as follows: "Gentlemen:—Please let us give you our

note, due 1 November, 1920." This communication reached Charlotte 2 August, and on the same day the defendant answered, saying: "In reply to yours of recent date in regard to payment of premium on the above policy we regret to advise that as you have paid only one premium on this policy the company cannot accept a note for the entire amount of the premium. However, we can accept as small a cash remittance as $17, and take your note for the balance of $118, due 3 October. If this proposition meets with your approval, kindly sign the extension note and return to us at once, together with your check for $17. The days of grace expire on your policy 3 August, and it is therefore very necessary that you let us have this settlement promptly to avoid the lapsing of your insurance."

Enclosed with this communication was a note for $118 made out on a special form used by the defendant. The insured did not receive said letter until the night of 6 August; and on the following morning, 7 August, his father, who was attending to the matter for him, at the request of the insured, went to the postoffice in Grantsboro and mailed the defendant a check for $17 and the note for $118, which had been duly executed by Reginald Paul, as per instructions in the defendant's letter of the 2d instant. On 10 August the defendant acknowledged receipt of the note and check, but stated that, as the last day of grace had expired, it would be necessary for the insured to furnish a personal health certificate before the policy could be reinstated. This was in accordance with its provisions. The insured died on 11 August. He had made no complaint, and apparently was well on 7 August, up to the time his father mailed the letter containing the note and check.

At the close of the evidence, his Honor directed a verdict for the defendant; plaintiff excepted.

It is conceded that but for the defendant's letters of 26 July and 2 August the case at bar would be controlled by the decision in *Clifton v. Ins. Co.,* 168 N. C., 499. But, in view of these communications, plaintiff contends that it comes under the doctrine announced in *Murphy v. Ins. Co.,* 167 N. C., 334, wherein it was held that "this provision as to forfeiture, being inserted for the benefit of the company, may be waived by it, and such a waiver will be considered established and a forfeiture prevented whenever it is shown that there has been a valid agreement to postpone payment, or that the company has so far recognized an agreement to that effect, or otherwise acted in reference to the matter as to induce the policyholder, in the exercise of reasonable business prudence, to believe that prompt payment is not expected, and that the forfeiture on that account will not be insisted on." This position is amply supported by the authorities cited in the *Murphy case, supra.*

11—183

It should be observed that the defendant's letter of 2 August, which admittedly could not have reached Grantsboro before the evening or night of the 3d, requested that the note be signed and returned with check at once, if the proposition meet with approval, and prompt action was urged in order to avoid a forfeiture. Plaintiff contends that this, of necessity or by reasonable interpretation, clearly anticipated an acceptance of the defendant's counter offer after 3 August. Plaintiff further says that immediately upon receipt of this letter the offer was accepted and the note and check promptly mailed back to the defendant. This is denied by the defendant; but, considering all the facts and circumstances, we think the question as to whether there had been a waiver of the strict time limit, and further, as to whether the insured acted with reasonable promptness, should be submitted to the jury under proper instructions from the court.

"A course of action on the part of the insurance company which leads the party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract." *Coile v. Com. Travelers,* 161 N. C., 104; *Ins. Co. v. Eggleston,* 26 U. S., 577; *Ins. Co. v. Norton,* 96 U. S., 234.

The defendant, of course, contends that no waiver was intended or made; and that, on the contrary, the insured's attention was specifically directed to the necessity of acting within the period of grace allowed by the terms of the policy. The facts present a situation from which conflicting inferences may be drawn. This makes it a case for the jury. We think his Honor erred in directing a verdict.

New trial.