RODNEY ARRINGTON v. CONTINENTAL LIFE INSURANCE COMPANY.

(Filed 16 March, 1927.)

**Insurance, Life—Payment of Premiums—Waiver—Policies—Contracts.**

> A life insurance company may waive the strict conditions in its policy as to payment of premiums at stated periods, by accepting payment for arrearages, and thus restore the vitality or enforcement of the policy which otherwise would be void.

APPEAL by defendant from *Ward, J.,* at Fall Term, 1926, of HALIFAX. No error.

Action by plaintiff, the beneficiary named therein, upon policy of insurance issued by defendant upon the life of Pattie Arrington. The action was begun in the court of a justice of the peace of Halifax County, and was tried in the Superior Court of said county upon appeal from judgment rendered therein.

Issues submitted to the jury were answered as follows:

"1. Was the policy sued on four weeks in arrears at the time of the $3.00 payment on 23 March, 1926? Answer: Yes.

"2. Did the defendant waive the alleged lapse of the policy by reason of the alleged nonpayment of the premium? Answer: Yes.

"3. In what sum, if any, is the defendant indebted to the plaintiff? Answer: $185.00."

From judgment upon the foregoing verdict, defendant appealed to the Supreme Court.

*Travis & Travis for plaintiff.*
*George C. Green for defendant.*

CONNOR, J. The policy sued on in this action was issued 17 October, 1921. According to its terms, a weekly premium of twenty-five cents was due and payable thereon on or before each Monday during its continuance. It is provided in the policy that upon the failure of the insured to pay a weekly premium within four Mondays from the date on which it was due, the policy shall become void; however, should the death of the insured occur when any premium is in arrears not exceeding four Mondays, defendant will nevertheless pay the policy, subject to its conditions.

The insured, Pattie Arrington, died on 30 March, 1926. Plaintiff contended that on 23 March, 1926, all premiums had been paid on the policy up to and including 8 March, 1926; that on said date insured, who resided in Halifax, N. C., sent by mail to defendant, at its home office in Richmond, Va., a cashier's check for three dollars in payment

of premiums then due and to become due thereafter up to and including 12 April, 1926; that said check was accepted by defendant as such payment and thereafter duly collected by defendant.

Defendant contended that the last premium paid prior to the death of insured was due on 8 January, 1926. It admitted that it received the check for three dollars on 23 March, 1926, and thereafter collected same, but denied that it accepted the check or the proceeds of same in payment of premiums then due and to become due thereafter. It contended that it held said sum of three dollars in suspense in accordance with the provisions of the policy, and that after the death of insured it returned said sum to plaintiff. Plaintiff testified that he had declined to accept defendant's check for three dollars, as tendered to him.

The first issue having been answered by the jury in the affirmative, the policy had lapsed prior to the receipt of the check for three dollars, on 23 March, 1926, and was therefore void at the date of the death of insured; plaintiff, the beneficiary named therein, cannot recover on the policy unless defendant waived provisions of the policy relative to the time and manner in which the premiums should be paid.

Defendant excepted to the submission by the court of the second issue, and also to instructions in the charge to the jury with respect to said issue. It contends that there was no evidence upon which the jury could answer the said issue in the affirmative, and that the burden upon said issue being on plaintiff, it was error to submit said issue and to instruct the jury with respect thereto.

There was evidence tending to show that the check for three dollars, payable to its order, was received by defendant on 23 March, 1926, and thereafter collected; that said check was accepted by defendant as an unconditional payment of all premiums due on the policy, from 8 March, 1926, up to and including 12 April, 1926; that said check was sent by insured and received by defendant in conformity with the course of dealing between them theretofore had with respect to the payment of premiums on said policy; that there was printed in the Premium Receipt Book, furnished by defendant to the insured, a notice to the effect that if premiums are paid when more than four weeks in arrears, they will be received by defendant, only on condition that insured is then in good health and sound bodily. There was evidence that insured was in good health and sound bodily on 23 March, 1926, the date on which the check was received. The insured suffered a stroke of apoplexy on 25 March, 1926, and died thereafter on 30 March, 1926.

In *Clifton v. Insurance Co.*, 168 N. C., 499, *Brown, J.,* says: "It is elemental law that the payment of the premium is requisite to keep the policy of insurance in force. If the premium is not paid in the manner prescribed in the policy, the policy is forfeited. . . . The insurer

may waive such conditions, and the unqualified, unconditional receipt of a past-due premium is a waiver." ·

In *Murphy v. Insurance Co.*, 167 N. C., 334, *Hoke, J.*, says: "It is also held by well considered cases on the subject here and elsewhere that this provision as to forfeiture, being inserted for the benefit of the company, may be waived by it, and such a waiver will be considered established and a forfeiture prevented whenever it is shown, as indicated, that there has been a valid agreement to postpone payment or that the company has so far recognized an agreement to that effect or otherwise acted in reference to the matter as to induce the policy-holder, in the exercise of reasonable business prudence, to believe that prompt payment is not expected, and that the forfeiture on that account will not be insisted upon."

A statement of the principle applicable in this case in the following words was approved by this Court in *Paul v. Insurance Co.*, 183 N. C., 159:

"A course of action on the part of the insurance company which leads the party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract." *Coile v. Commercial Travelers*, 161 N. C., 104; *Ins. Co. v. Eggleston*, 26 U. S., 577; *Ins. Co. v. Norton*, 96 U. S., 234.

Defendant's assignments of error cannot be sustained. There was no error in the submission of the second issue, or in the instructions of the court with respect to said issue. The instructions are well supported by authoritative decisions of this Court. The judgment is affirmed. There is

No error.