ANNIE FOSCUE, or ANNIE FAUCETT, Administratrix of JOHN FOSCUE, or JOHN FAUCETT, v. GREENSBORO MUTUAL LIFE INSURANCE COMPANY and MARY FAUCETT.

(Filed 10 October, 1928.)

**Insurance—Forfeiture of Policy—Waiver or Agreements Affecting Forfeiture.**

Where a local agent of an insurance company has exceeded his authority, contrary to the expressed terms of the policy of insurance, by extending the time for the payment of premiums, and the policy provides for forfeiture upon nonpayment of premiums, the agreement made by the local agent is not binding on the company, and the forfeiture for nonpayment will not be relieved against unless it be shown that the company has bound itself to the extension by the method prescribed in the policy, by its conduct and course of dealings, or by ratification.

CIVIL ACTION, before *Grady, J.,* at May Term, 1928, of PITT.

The plaintiff is the duly appointed administratrix of John Foscue.

The evidence tended to show that on or about 8 September, 1925, the Greensboro Mutual Life Insurance Company issued to John Foscue (sometimes known as John Faucett) an accident policy of insurance in the sum of $500. The policy was issued in consideration of a monthly premium of $3.40 paid in advance by the insured. The policy further provided that after three months from the date of the policy a grace period of ten days in payment of premiums was allowable. The policy further provided: "No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon."

The deceased was accidentally killed on 19 August, 1926. The deceased has paid all premiums due on the policy on or before the 10th day of each month up to August, 1926.

The evidence tended to show that the insured John Foscue or Faucett came to the agent of defendant who wrote the policy, and who had been collecting the premiums thereon, on or about the 4th or 5th of August, 1926, and told said agent that he only had $3.00, which was not sufficient to pay the premium of $3.40. The agent declined to take a partial payment upon the premium then due, but told the deceased that if he would take out a new policy and pay for the new policy that he would extend the time of payment of premium on the existing policy until the next pay day of the insured. Thereupon on 9 August, 1926, an industrial policy requiring a premium of 25 cents a week was issued to the deceased. The August premium of $3.40 had not been paid up to the death of the insured.

The only material controversy in the case grows out of the third issue submitted by the court, which was as follows: "Was the policy of insurance sued on in full force and effect at the time of John Foscue's death?"

All the issues were answered in favor of the plaintiff, and from the judgment rendered upon the verdict the defendant appealed. The record discloses that the defendant did not renew its motion of nonsuit at the conclusion of all the evidence.

*S. J. Everett for plaintiff.*
*J. Con Lanier and P. R. Hines for defendant.*

BROGDEN, J. The question is this: Has a soliciting or collecting agent of an insurance company the authority to waive the payment of premiums provided in a policy of insurance or extend the time of payment thereof?

The trial judge charged the jury: "Now, I charge you as a matter of law, and I quote to you from an opinion of the Supreme Court, where it says in the case of *Moore v. Accident Insurance Corp.,* reported in 173 N. C., 532: 'It is abundantly settled that an insurance company will be estopped to insist upon a forfeiture if by any agreement, either express or implied, by the course of its conduct it leaves the insured honestly to believe that the insurance assessments will be received after the appointed day.'" I charge you this, gentlemen of the jury: "That the agent of the company who has the authority from the company to solicit and to write policies of insurance, and to receive the premiums thereon, is the agent for all purposes in making contracts governing the policy, and that if the agent of the company promised and agreed with John Foscue that he would carry him until the next pay day in consideration of his taking out another policy of insurance, and that John Foscue relied upon that promise, thinking his policy was in force, then the company would be liable, gentlemen, and it would not have lapsed. In other words, the company would have been responsible for the acts of its agent."

During the course of the judge's charge one of the jurors asked the judge if an agent could bind the company by a contract with the insured to carry over the premium, and the judge answered, "Yes." To these instructions the defendant excepted.

In *Graham v. Ins. Co.,* 176 N. C., 313, 97 S. E., 6, this Court said: "The plaintiff has failed to show any authority upon part of Mrs. Wall to make the guarantees claimed." As is said by *Ruffin, J.,* in *Biggs v. Ins. Co.,* 88 N. C., 141: "Where one deals with an agent it behooves him to ascertain correctly the extent of his authority and power to contract.

Under any other rule every principal would be at the mercy of his agent, however careful he might limit his authority." The authority of an agent with limited power to waive the terms and conditions of written policies of insurance in the absence of fraud or mistake or other compelling equitable principle is ordinarily restricted to negotiations connected with the inception of the contract and not to provisions of a written contract which has already taken effect and been in force for a period of time. Thus in *Johnson v. Ins. Co.,* 172 N. C., 142, 90 S. E., 124, it is declared: "The restrictions inserted in the contract upon the power of the agent to waive any condition unless done in a particular manner cannot be deemed to apply to those conditions which relate to the inception of the contract when it appears that the agent has delivered it and received the premiums with full knowledge of the actual situation. The principle is not a new one, and has not been shaken by any decisions of our Court since the adoption of the standard policy."

It is undoubtedly the law that the courts do not favor forfeitures and that they will liberally construe in favor of the insured, acts or circumstances indicating an election to waive forfeitures or agreements to waive them, particularly when the insured has relied and acted upon such waiver. But the vital question is, "How can these provisions be waived and by whom?" The decisions are to the effect that a waiver may be established by the following methods: (1) Express agreement; (2) conduct or course of dealing; (3) ratification. *Moore v. Accident Assurance Corp.,* 173 N. C., 532, 92 S. E., 362; *Graham v. Ins. Co.,* 176 N. C., 313, 97 S. E., 6; *Paul v. Ins. Co.,* 183 N. C., 159, 110 S. E., 847; *Dawson v. Ins. Co.,* 192 N. C., 312, 135 S. E., 34; *Arrington v. Ins. Co.,* 193 N. C., 344, 137 S. E., 137; *Turlington v. Ins. Co.,* 193 N. C., 481, 137 S. E., 422. The principle is clearly expressed in an opinion written by *Allen, J.,* in *Gazzam v. Ins. Co.,* 155 N. C., 330, 71 S. E., 434, as follows: "Now, as heretofore, it is competent for the parties to a contract of insurance, by agreement in writing or by parol, to modify the contract after the policy has been issued, or to waive conditions or forfeitures. The power of agents, as expressed in the policy, may be enlarged by usage of the company, its course of business, or by its consent, express or implied. The principle that courts lean against forfeitures is unimpaired, and in weighing evidence tending to show a waiver of conditions or forfeitures the court may take into consideration the nature of the particular condition in question, whether a condition precedent to any liability, or one relating to the remedy merely, after a loss has been incurred. But where the restrictions upon an agent's authority appear in the policy, and there is no evidence tending to show that his powers have been enlarged, there seems to be no good reason why the authority expressed should not be regarded as the measure of his power; nor is

there any reason why courts should refuse to enforce forfeitures plainly incurred, which have not been expressly or impliedly waived by the company."

Applying these principles of law to the facts disclosed by the record, we find no evidence tending to show that the agent had either express or implied authority to waive the conditions plainly expressed in the policy; neither was there evidence of any course of dealing which would warrant an inference of a waiver. The policy by its terms allowed or permitted a grace period of ten days for the payment of premiums, and the evidence discloses without contradiction that all premiums were paid within such period, and that no part of the premium for the month of August had been paid. So far as the evidence discloses the agent was not an officer of the defendant company and was merely a local agent for selling insurance and collecting premiums. The following utterance of *Connor, J.*, in *Turlington v. Ins. Co., supra*, is pertinent to this aspect of the case: "All persons dealing with an agent do so with notice of this salutary principle of the law of principal and agent, which is too well established to require citation of authorities." *Bullard v. Ins. Co.*, 189 N. C., 34, 126 S. E., 179; *Hardin v. Ins. Co.*, 189 N. C., 423, 127 S. E., 353; *Smith v. Ins. Co.*, 193 N. C., 446, 137 S. E., 310.

Under these facts the exceptions of the defendant to the instructions given by the trial judge to the jury are sustained.

Error.