HAY v. ASSOCIATION.

(Filed December 4, 1906).

*Insurance—Right of Reinstatement—Reinsurance—Nonpayment of Assessments—Waiver of Terms of Policy.*

1. Where a by-law of an assessment insurance company provided "that any member failing to pay his assessment within thirty days after notice mailed to him shall be dropped from the association and shall be required to pay a new membership fee in order to renew his insurance," and the insured, having failed to pay an assessment of which he had notice, was dropped, the company had the right to refuse to reinstate him after the lapse of three months after he had forfeited his policy and when his health had become hopelessly impaired.

2. The fact that an assessment life insurance company, on some occasions, accepted payment by the insured of assessments after they should have been paid, did not constitute a waiver of the terms of the policy nor amount to an agreement that premiums need not be paid promptly, especially where there was unreasonable delay and the health of the insured had become hopelessly impaired.

ACTION by Helen Hay against The People's Mutual Benevolent Association of North Carolina, heard by *Judge C. M. Cooke* and a jury, at the May Term, 1906, of the Superior Court of CATAWBA. From a judgment for the plaintiff the defendant appealed.

*Self & Whitener* for the plaintiff.
*M. H. Yount* and *W. C. Feimster* for the defendant.

CLARK, C. J. The jury find that the insured had notice of the yearly assessment upon his policy due 23 January, 1905; that he failed to pay it; that his wife, the beneficiary named in the policy and plaintiff herein, in the latter part of April or first part of May, 1905, made inquiry of the secretary and treasurer of the defendant whether or not any assessments were due on the policy, and offered to pay the same if they were due, and to pay such other sum as might be necessary for the reinstatement of the policy, and that from 7 January, 1905, until his death 18 June, 1905, the insured was in such broken health as not to be able to attend to business part of the time.

The plaintiff testified that her husband had a severe attack in November, 1904, and from then on he was in failing health; that about first April he began to grow more feeble; that the last of March she came to Raleigh, whither her husband had come just before Christmas, and found him unable to attend to his business, so she took charge of all his mail matters, and the latter part of April or in the first part of May wrote the company, as found by the jury, asking if any assessments were due, and to be permitted to pay anything that was due. This offer was not accepted by the company.

The defendant is an assessment insurance company. The by-laws in force at the time the policy was issued were put in evidence. Section 9 thereof reads as follows: "Any member failing to pay his one dollar yearly assessment, or one dol-

143—17

lar and fifteen cents on every death, within thirty days after notice mailed to him, shall be dropped from the association, and shall be required to pay a new membership fee in order to renew his insurance."

The insured having failed to pay his yearly assessment of 23 January, of which he had notice, he was dropped by the terms of section 9. Did he, or his wife for him (he being, as she says, grown too feeble to attend to business), have the absolute right, without the consent of the company, to pay that and other unpaid dues, ninety days or more thereafter, the last of April or first part of May, and reinstate him? We think not. Indeed, the terms of section 9 seem to contemplate not a reinstatement, but a reinsurance—"a new membership fee in order to renew his insurance." If so, a new contract was required, and the company did not enter into it. The difference between reinsurance and reinstatement is pointed out, *Lovick v. Ins. Co.*, 110 N. C., 93.

But if it be conceded even that section 9 provides for a reinstatement, did the insured have a right to be reinstated after the lapse of more than three months after he had forfeited his policy, and when his health had become so impaired that he was unable to attend to his business and was practically a dying man—dying, indeed, on 18 June? The by-law, section 9, does not state the terms upon which a member who has forfeited his policy could be reinstated, or reinsured, but certainly it required the assent of the company as well as of the defaulting member, unless an absolute right on certain specified terms had been stipulated for; nor could it be considered reasonable or seasonable that one in such a state of health and after such delay should be entitled to restoration. *Lane v. Ins. Co., ante.*

In *Lovick v. Ins. Co.,* 110 N. C., 93, the policy, by its terms, gave the delinquent the opportunity for reinstatement upon certain conditions which the context showed meant

reinstatement by payment of dues within a reasonable time after default. That decision, besides, 'expressly excludes its own application to cases where reinsurance, not reinstatement, is stipulated for.

It is true it is found in this case that prior to 1905 the defendant had, on some occasions, accepted payment by the insured of assessments after the date at which they should have been paid. It is not found how often nor after how long a default these indulgences were granted. But these were mere personal favors and cannot be construed into a standing waiver of the terms of the contract. They did not constitute a "course of dealing" which amounted to an express agreement that premiums need not be paid promptly, as in *McCraw v. Ins. Co.,* 78 N. C., 149. That was a fire policy and there was no impaired health or increased risk during delay of payment. It is against public policy that such casual courtesies, extended to the insured when still in good health, should confer a right to demand other indulgences (*Thompson v. Ins. Co.,* 104 U. S., 252; *Lantz v. Ins. Co.,* 10 L. R. A., 577), more especially when, as here, there is unreasonable delay and the health of the insured has become hopelessly impaired.

It is always sad when one who has made payments on his policy deprives his family of expected protection by failure to pay at a critical time. But insurance is a business proposition, and no company could survive if the insured could default while in good health, but retain a right to pay up when impaired health gives warning. It is a warning of which the company also has a right to take notice when asked to waive a forfeiture. It is the insured's own fault when he does not make a payment as he contracted. Assessment companies being operated upon the plan of requiring only the actual cost of insurance, there is no reserve which, in certain conditions, keeps a policy in force for a limited period in "old

line" companies, notwithstanding a failure to meet the payment of a premium promptly.

Upon the issues found, the Court should have signed the judgment in favor of the defendant, which it tendered.

Reversed.