CHARLES MELVIN, BY HIS NEXT FRIEND, R. L. MELVIN, v. THE PIEDMONT MUTUAL LIFE INSURANCE COMPANY.

(Filed 7 April, 1909.)

1. **Insurance—Back Dues—Partial Payment—Terms of Reinstatement—Waiver.**

   Evidence that an insurance company received a partial payment for insurance of back dues on a lapsed policy is no evidence ·in itself of waiver, when, under the terms of the policy, the payment of "all back dues" was necessary to reinstate the policy.

2. **Same—Waiver.**

   When, under the terms of a contract of insurance, a lapsed policy would only be reinstated sixty days from the payment of all back dues, and then on condition that the insured should be in good health when the dues were paid and for five weeks thereafter, the fact that the company received a part payment of back dues raised no question of waiver for the jury, when it was shown that the insured died two days after making the partial payment.

ACTION by the beneficiary to recover on a policy of insurance, tried, on appeal from a justice's court, before *Biggs, J.,* and a jury, at October Term, 1908, of CUMBERLAND.

At the close of plaintiff's evidence there was a motion for nonsuit, under the "Hinsdale Act." Motion overruled, and defendant excepted.

The case was submitted to the jury on issues, as follows:

1: "Did the insured fraudulently misrepresent his age in the application for the policy in controversy?" Answer: "No."

2. "Is the defendant indebted to the plaintiff, and if so, in what amount?" Answer: "Yes; forty-five dollars, the amount of the policy."

*Thomas H. Sutton* for plaintiff.
*Sinclair & Dye* for defendant.

HOKE, J.   The policy declared on contains a stipulation, made a part of the contract of insurance, in terms as follows:

"5. Whenever the insured shall fail to pay the weekly premium on this policy for five weeks, and shall be due five weeks' premium, all claims on the company are by such arrears forfeited; but the insured may be reinstated by paying up all back dues, and shall be entitled to full benefits sixty days from date of paying such dues, provided the insured shall be in good health when such dues are paid and for five weeks thereafter."

'There was evidence showing that on 18 January, 1908, the deceased was indebted for six weeks' unpaid weekly dues and premiums, and on that day he paid four weeks of such arrears, which was received by the agent and by him turned over to the superintendent, who entered the same on the company's books to the credit of the insured, and on 20 January, 1908, the insured died.

The court below was of opinion that the plaintiff was entitled to have the issue of defendant's liability submitted on the question of waiver, by reason of the payment of the four weeks' back dues and the receipt of same by the company, but we do not think this is a correct view of the case on the facts presented.   By the terms of the contract, "On a failure to pay the weekly premiums for five weeks, all claims on the company are by such arrears forfeited," and, at the time the payment on these six weeks of back dues was made, the rights of the insured, under his policy, had ceased.   *Freckman v. Royal Arcanum,* 96 Wis., 133; *Supreme Lodge v. Keener,* 6 Tex. Civ. App., 267; *Carlson v. Supreme Council,* 115 Cal., 466.   While provision for reinstatement is contained in the policy, the stipulation is that such reinstatement shall occur on the payment of "all back dues"; and the authorities are very generally to the effect that, under such a stipulation, a partial payment of back dues will not work a reinstatement.   *Insurance Co. v. Willet,* 24 Mich., 268; *Hudson v. Insurance Co.,* 28 N. J. Eq., 167; *Supreme Lodge v. Œters,* 95 Va., 610.   Certainly no such result could be allowed unless there was evidence of some understanding or authorized agreement to that effect.   Apart from this, by the express provisions of the contract, a reinstatement is only to

occur after sixty days from paying the back dues and on condition that the insured shall be in good health when such dues are paid and for *five weeks thereafter.* He died in two days after the partial payment was made.

We are of opinion that the defendant's motion for nonsuit should have been allowed, and it is so ordered.

Reversed.