ÆTNA LIFE INS. CO. v. WICKER.

(Circuit Court of Appeals, Second Circuit. February 6, 1917.)

No. 153.

1. INSURANCE ⬨⬨⬨646(6)—ACCIDENT INSURANCE—BURDEN OF PROOF—CAUSE OF DEATH.
    In an action on a policy insuring against death resulting from bodily injuries effected through external, violent, and accidental means, the burden is on the plaintiff to satisfy the jury by a preponderance of proof that deceased received bodily injuries so effected.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1659–1662, 1664.]

2. EVIDENCE ⬨⬨⬨571(9)—ACCIDENT INSURANCE—SUFFICIENCY OF EVIDENCE—CAUSE OF DEATH.
    In an action on an accident insurance policy, where insured had died of appendicitis shortly after falling on the sidewalk and injuring his abdomen, and an expert witness had testified that appendicitis was caused by the fall, the jury were justified in so finding.

3. INSURANCE ⬨⬨⬨455—ACCIDENT INSURANCE—CAUSE OF DEATH—ACCIDENT CAUSING DEATH.
    Death resulting from appendicitis, caused by an accidental fall, is within a policy insuring against death resulting directly and independently from bodily injuries effected through accidental means.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1166–1169.]

In Error to the District Court of the United States for the Western District of New York.

Action by Helen Adelaide Wicker against the Ætna Life Insurance Company. Judgment for the plaintiff, and defendant brings error. Affirmed.

The judgment here reviewed was entered upon the verdict of a jury for $8,009.97 damages and $99.85 costs, entered in favor of the plaintiff below, Helen Adelaide Wicker, and against the Ætna Life Insurance Company, based upon an accident insurance policy issued by said company on January 12, 1907, which insured the said Helen Adelaide Wicker, in the event of the death of her husband resulting from bodily injury effected solely through external, violent and accidental means, in the sum of $5,000. The parties will be referred to in the opinion as they appeared in the court below, as plaintiff and defendant.

Maurice C. Spratt, of Buffalo, N. Y., for plaintiff in error.

Cohn, Chormann & Franchot, of Niagara Falls, N. Y. (Edward E. Franchot, of Niagara Falls, N. Y., of counsel), for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

⬨⬨⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COXE, Circuit Judge. [1] The policy in question provides that for a period of one year beginning at noon on January 12, 1907, the insurance company will insure Charles S. Wicker and promises and agrees that in the event of the death of said Charles S. Wicker, "resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means," the sum stipulated in the policy should be paid. There is no doubt that the burden was on the plaintiff to satisfy the jury, by a preponderance of proof, that Charles S. Wicker received bodily injuries effected solely through external, violent and accidental means.

[2] It is alleged that on the 11th day of February, 1915, Wicker accidentally slipped while walking on an icy pavement in the city of Niagara Falls and fell upon his right side with his arm doubled up under him across the right side of the abdomen. He suffered much pain during that day, ate little and retired early. The pain increased during the next day. The night following the pain increased and a physician was called. He found Wicker suffering from general peritonitis which about a week later resulted in death.

An autopsy was requested and granted and all the physicians present, whether representing the plaintiff or the defendant, agreed that Wicker died of peritonitis or inflammation of the appendix. If there were nothing but the fall on the icy sidewalk, the bending of the arm under the abdomen and the paroxysms of pain constantly increasing until death ensued, the question would be one of fact for the jury to say whether the fall produced the disease which caused the death. It being a question where men learned in the medical profession might assist the jury in arriving at a correct result, it was proper that the jury should have the benefit of their experience. It is unnecessary to enter upon a detailed analysis of their testimony.

Dr. Chapin, who saw Wicker after the accident, and was in consultation with Dr. Scott, the physician for the Wicker family, testified upon facts, some of which he knew and some of which were assumed. In answer to the question, "What was the cause of the appendicitis from which he suffered," the doctor answered, "The fall on the sidewalk." Dr. Bentz, called for the defendant, in answer to the question, "What was the cause of his death?" replied, "The cause of his death was a general purulent inflammation of the peritoneum or abdominal lining, that being due to a perforated appendix."

It is unnecessary to quote further from the medical testimony. These answers present the two theories and it was for the jury to decide between them. Upon the evidence the jury were justified in finding that the fall on the icy sidewalk produced the appendicitis which caused Wicker's death. That the question here involved is one of fact for the jury is sustained by an almost unbroken line of authorities. Perhaps the decision which most closely resembles the case at bar is New Amsterdam Casualty Co. v. Shields, 155 Fed. 54, 85 C. C. A. 122, decided by the Circuit Court of Appeals of the Sixth Circuit in which it is said:

"While the policy was in force, on Thursday, September 7, 1905, Mr. Shields was driving in a buggy, when a front wheel ran off and he was thrown against the dashboard, striking his abdomen. That night he complained to his wife

of pain in his bowels, especially on the right side. The next day, Friday, he was at his office, and that afternoon spoke to his family physician, Dr. Wood, of the accident and of the soreness in his bowels. That night he was suddenly seized with severe cramping pains in the abdomen, nausea, vomiting, high fever, and rapid pulse. Dr. Wood could not be reached, so Dr. Ewing was called over the telephone and prescribed castor oil and morphia. On Saturday his condition was worse. Dr. Wood was sent for, and upon his arrival found the patient suffering severely from pains in the abdomen; had been vomiting, temperature high, pulse rapid and irritable, abdomen distended, and his right side very tender and rigid. On Sunday morning, Dr. Douglas, a surgeon of high reputation, was called in consultation by Dr. Wood. They diagnosed the case as acute appendicitis, and that afternoon removed the patient to Dr. Douglas' infirmary. The following Tuesday, September 12th, Dr. Douglas, with the assistance of Drs. Wood and Tigert, performed an operation. This disclosed that the trouble was acute appendicitis, septic peritonitis, and locked bowel. Mr. Shields died on Thursday, September 14th."

At 155 Fed. 58, 85 C. C. A. 126, the court says:

"The conclusion we reach is that the court below properly submitted to the jury the question whether the disease of appendicitis, which brought about the death of the insured, was itself caused solely by the fall against the dashboard."

[3] We think it is clearly established by the authorities that the plaintiff should recover if the appendicitis was produced by the fall upon the sidewalk in the manner described. Whether or not it was so produced is a question of fact which was properly left to the jury to decide and their verdict is conclusive. With this fact found in favor of the plaintiff, there is nothing in the record which requires a reversal of the judgment.

The judgment is affirmed with costs and with 5 per centum added for delay under rule 30 of this court.