### 11653

HOPE v. TRAVELERS PROTECTIVE ASS'N OF AMERICA

(126 S. E., 45)

INSURANCE—MEMBER OF BENEFICIARY SOCIETY HELD NOT ENTITLED TO BENEFITS WHERE INJURED DURING PERIOD OF DELINQUENCY.—Where the constitution of a beneficiary society provided that a member ceased to be a member on nonpayment of dues when due, but could be reinstated on payment within 30 days and denied benefits to member injured between date of default and date of reinstatement, a member could not recover benefit for injury sustained during period of delinquency though society retained premium paid within 30 days after default, since only effect thereof was to reinstate policy from date of payment.

Before S. McG. SIMKINS, SPECIAL JUDGE, York, April, 1924. Affirmed.

Action by William H. Hope against the Travelers Protective Association of America. Judgment for defendant, and plaintiff appeals.

*Messrs. Spencer & White,* for appellant, cite: *Waiver, a question for the jury:* 124 S. C., 387; 123 S. C., 467. *Forfeiture:* 102 S. C., 115. *Estoppel:* 102 S. C., 386; 124 S. C., 387. *Construction of Constitution and By-Laws:* 121 S. C., 179.

*Messrs. Dunlap & Dunlap,* for respondent, cite: *Waiver:* Sec. 4160, Vol. III, Code 1922; 102 S. C., 413; 107 S. C.,

291; 117 S. E., 591; 46 L. Ed., 213; 117 Fed., 369; 176 S. W., 498; 155 S. W., 45; 212 F., 132; 167 S. W., 587.

January 5, 1925.

The opinion of the Court was delivered by Mr. Justice Fraser.

Mr. Hope, the appellant, had a policy in the Travelers' Protective Association of America. His premium was due on the 31st of December, 1922. He did not pay the premium until the 18th day of January, 1923. On the 3d of January, 1923, he received the injury for which this suit is brought. The constitution of the order recognized in the policy is as follows:

"The above dues shall be due from, and paid by every member annually in advance, or in semiannual installments of $5.50 each in advance, on or before December 31st, and June 30th, without notice. Any member may pay said dues before they become due, as aforesaid, but any member failing to pay said dues in advance on the day on which they become due, as aforesaid, to the secretary of the State division of which he is a member shall, by such failure, cease to be a member of this Association, and he and his beneficiary shall cease to be entitled to any benefits under his benefit certificate. Should he within 30 days after such default pay such dues, he may be reinstated and receive a new card of membership, but he shall receive no insurance benefits of any kind under his benefit certificate between the date of said default and the date of his reinstatement; and, if injured during the 30 or less days of his delinquency, the delinquent shall receive no indemnity therefor, nor shall the beneficiary of such delinquent be entitled to any benefits should said delinquent be fatally injured during such period of delinquency."

It is very clear from this that Mr. Hope ceased to be a member and is not entitled to the benefits of the Association from January 1, 1923, until the 18th of January, 1923, unless there has been a waiver. Where a premium is not paid

when due, and the retention of the premium can have no other purpose but to keep the policy in force, then the retention of the premium is evidence of waiver. Here the retention of the premium reinstated the policy in full force from the date of payment until the next semiannual period.

The constitution specifically provided for a suspension and no liability until the premium should be paid. The injury occurred during the suspension period. There was no chance for waiver, and there was nothing his Honor could do but direct a verdict for the defendant.

The judgment is affirmed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.