## ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Inc., v. EDWARDS.

### No. 389.

Circuit Court of Appeals, Tenth Circuit.
June 27, 1931.

188

P. C. Simons, of Enid, Okl., and E. W. Dillon, of Columbus, Ohio (Simons, McKnight, Simons & Mitchell, of Enid, Okl., on the brief), for appellant.

C. F. Dyer, of Enid, Okl., and Stephen C. Treadwell, of Oklahoma City, Okl. (Dyer, Smith & Crowley, of Enid, Okl., on the brief), for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The appellee recovered on an accident insurance policy. The appellant assigns as error that the court should have directed a verdict for appellant, and that there was error in the charge to the jury. The controversy narrows to one proposition, for if the theory upon which the trial court declined to direct a verdict is sound, then the charge to the jury is sound. We take up the question of whether the court should have directed a verdict for the appellant.

There is little dispute as to the facts. The testimony of the plaintiff's witnesses was that on June 9, 1927, the insured accidentally fell out of an automobile and struck his side or lower abdomen against the running board; the blow left a red and inflamed mark, which disappeared by the third day. The skin was not broken. A doctor was called the third day after the accident, and discovered a mass in the region of the caecum and the appendix; that night the insured was operated. The appendix, the caecum and the bowel were gangrenous and highly infected. Four days later he died of a bloodstream infection, a general septicemia.

The contract sued on certifies that:

The insured "is entitled to all the rights and benefits which may be provided for such 'Class A' Insured Members in and by the Constitution of said Order in force and effect at the time any accident occurs subsequent to said time and date. The benefit under this certificate for death due to accidental means alone and independent of all other causes shall be six thousand three hundred dollars ($6,300.00).

"This Certificate, the Constitution, By-Laws and Articles of Incorporation of said Order, together with the application for insurance signed by said Insured Member, shall constitute the contract between said Order and said Insured Member and shall govern the payment of benefits, and any changes, additions or amendments to 'said' Constitution, By-Laws or Articles of Incorporation, hereafter duly made, shall bind said Order and said Insured Member and his beneficiary or beneficiaries, and shall govern and control the contract in all respects."

The constitution, referred to in the certificate, is a booklet of 91 pages; article IV thereof, consisting of 17 pages, deals with insurance; section 7 of article IV consists of two pages of exemptions from liability in case of accidental injury or death. The clause directly in question reads, in part:

"Nor shall the Order be liable to any person for any benefits for any death, disability or loss of time by reason of any of the following conditions, whether caused by accidental means or not, to-wit: Appendicitis, * * * poisoning, * * * or any infection (unless the infection is introduced into by or through an open wound, which open wound must be caused by external, violent and accidental means and be visible to the unaided eye). * * *"

Whether the insured died as a result of appendicitis is a debatable question. There is not the slightest doubt, however, that his death was caused by an infection; the attending physician and surgeon, testifying for plaintiff, agree upon that. There is no contention that the infection was introduced into his system through an open wound visible to the unaided eye. The clause provides that there shall be no liability for any death from infection "whether caused by accidental means or not." It is well settled that "contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous, their terms are to be taken and understood in their plain, ordinary, and popular sense." Imperial Fire Insurance Co. v. Coos County, 151 U. S. 452, 462, 14 S. Ct. 379, 38 L. Ed. 231. See, also, U. S. Fidelity & G. Co. v. Guenther, 281 U. S. 34, 50 S. Ct. 165, 74 L. Ed. 683; East and West Insurance Co. v. Fidel (C. C. A. 10) 49 F. (2d) 35; Chase v. Business Men's Assurance Co. (C. C. A. 10) 51 F.(2d) 34, and cases therein cited.

There being no ambiguity in the language used, there is no room for construction; the undisputed facts bringing the case squarely within the four corners of the exemption, the appellant was entitled to an instructed verdict.

The appellee suggests several answers to the apparently impregnable logic of appellant's position. The first answer, and the one followed by the trial court in its charge to the jury, is that there may be a recovery on an accident insurance policy where the immediate cause of death is disease, provided that an accident is the proximate cause of the disease; or, otherwise stated, if an accident causes a death, there may be a recovery notwithstanding that a disease intervenes and is a link in the chain of causation. This rule is amply sustained by authority. United States Mutual Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60; National Masonic Acc. Ass'n v. Shryock (C. C. A. 8) 73 F. 774; Western Commercial Travelers' Ass'n v. Smith (C. C. A. 8) 85 F. 401, 40 L. R. A. 653; New Amsterdam Casualty Co. v. Shields (C. C. A. 6) 155 F. 54; Illinois Commercial Men's Ass'n v. Parks (C. C. A. 7) 179 F. 794; Aetna Life Ins. Co. v. Wicker (C. C. A. 2) 240 F. 398; Freeman v. Mercantile Mutual Acc. Ass'n, 156 Mass. 351, 30 N. E. 1013, 17 L. R. A. 753; Central Acc. Ins. Co. v. Rembe, 220 Ill. 151, 77 N. E. 123 5 L. R. A. (N. S.) 933, 110 Am. St. Rep. 235, 5 Ann. Cas. 155; Travelers' Insurance Co. v. Murray, 16 Colo. 296, 26 P. 774, 25 Am. St. Rep. 267; Omberg v. U. S. Mutual Acc. Ass'n, 101 Ky. 303, 40 S. W. 909, 72 Am. St. Rep. 413; Stanton v. Travelers' Ins. Co., 83 Conn. 708, 78 A. 317, 34 L. R. A. (N. S.) 445, and note. In many of the cited cases, the contract expressly provided that there should be no liability if death resulted directly or indirectly from disease, the courts nevertheless holding, and we think correctly, that if the accident was the direct and sole cause of the disease, the accident was the proximate cause of the death. But none of the cases decided on this principle, which we have examined, contains the unusual clause here involved, and which apparently is designed to avoid the doctrine of proximate cause,—the restrictive phrase "whether caused by accidental means or not." It is true that the phrase prevents recovery in many cases where an accident is the sole, proximate and only cause of death; but it is the contract which the parties made; it is clear and unambiguous, and we have no alternative but to enforce it. The only reported case cited construing this unusual provision is Order of United Commercial Travelers v. Dobbs (Tex. Civ. App.) 204 S. W. 468, which is in accord with our conclusion.

The appellee further suggests that so construed, it conflicts with the agreement to pay death benefits in case an accident is the sole and proximate cause of death; that there is therefore an ambiguity which, under familiar rules, should be resolved in favor of the insured; that if the contract be otherwise construed, it is not an insurance policy

but a trap for the unwary. This contention, as we understand it, is bottomed on the proposition that between every accident and ensuing death, disease or infection intervenes. We cannot agree. In the first place, if death is caused by an infection which is introduced through an open and visible wound, there is liability; again, many deaths follow accidents almost instantaneously, and without the intervention of any disease, as is evidenced by airplane disasters and by deaths occurring on hunting trips. It is true that the exemptions in the constitution are liberal, and that the protection afforded is narrow, a situation that may be reflected in the premium exacted.

■ The appellee urges that the exemptions in the constitution are not a part of the contract—in fact, the argument is that none of the 17 pages of that document devoted to insurance is a part of the contract. Two reasons are assigned in support of this argument. It is contended that the first paragraph of the certificate promises to pay a benefit for accidental death without any reservations; that the provisions of the succeeding paragraph should be ignored as contradicting the unqualified promise of the first paragraph. But we are not at liberty to determine the rights of the parties by one para-, graph, or one sentence, or one clause. The certificate must be read as a whole; so reading it, it is entirely clear that the constitution, by-laws and articles of incorporation are a part of the contract and "govern the payment of benefits."

Appellee's second contention is that the constitution cannot be considered as part of the contract, because section 6731, C. O. S. 1921, provides that "the policy, together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties."

■ The appellant claims that this section does not apply because section 6737 exempts "associations operating on the fraternal plan." To which appellee replies that appellant is not so operated because it does not have a "representative form of govern-

ment" as required of fraternal associations by the Oklahoma statutes. Session Laws 1923, p. 160, c. 94. Appellee grounds her objection to appellant's form of government upon the proposition that Past Counselors are entitled, ex officio, to sit on the governing bodies of the Order, together with presently elected representatives. But these Past Counselors were once elected by the membership; the objection made goes to their tenure, and not to their nonrepresentative character, and appears to be without substance.

■ But there is a more fundamental objection to this contention of appellee. A mere reading of all of section 6731 demonstrates, beyond peradventure of doubt, that it deals only with life insurance policies, and has nothing to do with accident insurance. The first sentence of the section reads "No policy of life insurance shall be issued," etc. The sections preceding and following deal exclusively with life insurance. But still more convincing is the section itself. It requires that all life insurance policies shall provide in substance (among other things) that if the age of the insured has been misstated, the policy or the premium shall be adjusted to correspond; that the policy shall participate in the surplus of the company, and for the manner of paying dividends to the policyholder; that after three premiums have been paid, there shall be a specified loan value; that in case of default in payment of premiums after three years, the insured shall be entitled to the reserve on the policy in certain optional forms. There are other provisions, but these are sufficient to demonstrate that the section can have no possible application to accident policies, the premiums on which are not graduated by the age of the insured, which do not participate in the surplus of the company, which pay no dividends, which have no reserve values, and which afford the insured no unqualified right to keep the policy in force by the payment of premiums.

We conclude that the court erred in refusing to direct a verdict for the defendant. The cause is therefore reversed and remanded.

Reversed and remanded.