## JONES v. TRAVELERS' PROTECTIVE ASS'N OF AMERICA.

### No. 3518.

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

John A. McRae, of Charlotte, N. C. (Oliver M. Litaker, of Charlotte, N. C., on the brief), for appellant.

F. Grainger Pierce, of Charlotte, N. C. (Maurice P. Phillips, of St. Louis, Mo., and Tillett, Tillett & Kennedy, of Charlotte, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and BAKER, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law instituted by the appellant, herein referred to as plaintiff, against the appellee, herein referred to as defendant, in the superior court of Mecklenburg county, N. C., in September, 1931. Upon motion of the defendant, the cause was removed to the United States District Court for the Western District of North Carolina. The action was upon a class A membership certificate issued by the defendant to one Bland H. Jones, insuring him against death from accidental means, in the sum of

$5,000, and payable to the plaintiff as beneficiary.

Jones, the insured, first became a member of the defendant association in the year 1914. Under the constitution and by-laws of the association, the insured's dues were $11 per year, payable annually or semi-annually in advance, on or before the 30th day of June and the 31st day of December. In the year 1930 the insured, being in default in the payment of his dues for a period longer than that which permitted him to be reinstated upon payment of his dues, was required by the defendant association to send in a new application for membership. This the insured did, and a new certificate for class A membership in the defendant association was issued to him in the same sum as was the original certificate. At the time of the issuance of the new certificate, the dues were paid up to the 1st day of July, 1930. The insured again became in default in the payments of his dues, and on August 10, 1930, was accidentally shot. On August 14, 1930, the insured sent to the secretary of the North Carolina division of the defendant association the sum of $5.50 in payment of his dues, but did not notify the secretary or any official of the defendant of the accidental shooting. On receiving the check for dues, a receipt was issued to the insured, which receipt contained the following clause:

"This Card Expires Dec. 31, 1930.

"Issuance of this receipt does not waive delinquency; benefits are not payable for any injury received by holder of this card between June 30th, 1930 and actual date of this payment.—(Art. 9, Sections I, II, III Constitution.)"

On August 25, 1930, the insured died as a result of the wound caused by the accidental shooting, and the plaintiff as beneficiary under the certificate brought this action. Upon the trial of the cause and upon motion on behalf of the defendant association, the trial judge granted a nonsuit, from which action this appeal was taken.

Upon considering the question here raised, it is not necessary to cite authorities to the effect that the evidence must be considered in the light most favorable to the plaintiff.

When the insured filed his application for membership in the defendant association, he agreed that, if accepted as a member, he would be governed by the provisions of the membership certificate and the constitution, by-laws, and articles of incorporation of the association in force and effect at the time any accident should occur. The certificate of membership issued to the insured among others contained the following clause: "This certificate, the constitution, by-laws and articles of incorporation of said Association and application for membership signed by said member, and all amendments thereto, shall constitute the agreement between said Association and said member and shall govern the payment of benefits, and any changes, additions or amendments to said constitution, by-laws or articles of incorporation heretofore duly made shall bind said member and his beneficiary or beneficiaries and shall govern and control the contract in all respects, the same as though such changes, additions or amendments had been made prior or to, and were in force at the time of said member's application for membership."

Article 9, section 2, of the constitution which was in force at the time of the application, the accident, and the death of the insured, provided as follows: "Sec. 2. Any member may pay said dues before they become due, as aforesaid, but any member failing to pay said dues on or before the day on which they become due, as aforesaid, to the Secretary-Treasurer of the State Division of which he is a member shall by such failure cease to be a member of this Association, and he and his beneficiary shall cease to be entitled to any benefits under his benefit certificate. Should he within forty-eight days after such default pay such dues, he may be reinstated and receive a new card of membership, but he shall receive no insurance benefits of any kind under his benefit certificate between the date of said default and the date of his reinstatement; and if injured during the forty-eight or less days of his delinquency, the delinquent shall receive no benefits therefor, nor shall the beneficiary of such delinquent be entitled to any benefits should such delinquent be fatally injured during such period of delinquency; but after said forty-eight days the delinquent can only be restored to membership in this Association by making formal application in the manner provided for new members."

Article 17, section 2, of said constitution also in effect during the period above stated, provided as follows: "Any * * * concealment in, or about his application, or proofs of claim or at or in any other time or place, by or on the part of any member, or by any other person through his procurement or arrangement, or by his beneficiary

or beneficiaries or any of them, or by any of his heirs in order to obtain any benefits by reason of his membership, or any failure to comply with the Constitution and By-Laws of this Association shall render void the Certificate of Membership and terminate membership of such member, and shall defeat any claim thereunder."

Under the admitted facts in the case, and considering the evidence in the light most favorable to the plaintiff, we are of the opinion that the plaintiff cannot recover. The constitution of the association clearly provided that any member failing to pay his dues on or before the day upon which they became due ceased to be a member of the association. This was the status of the insured at the time the accident happened, and, while he had the right within forty-eight days after default to pay his dues and be reinstated as a member, the constitution expressly provided that he could receive no insurance benefits of any kind between the date of default and the date of reinstatement.

■ Insurance contracts, where there is no ambiguity, must be interpreted according to the plain and ordinary meaning of simple words. Walters v. Mutual Life Insurance Company of New York (C. C. A.) 64 F.(2d) 178, and authorities there cited.

As was said by Mr. Justice Sutherland in Bergholm v. Peoria Life Insurance Company, 284 U. S. 489, 52 S. Ct. 230, 231, 76 L. Ed. 416:

"It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. Mutual Life Ins. Co. v. Hurni Co., 263 U. S. 167, 174, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; Stipcich v. Insurance Co., 277 U. S. 311, 322, 48 S. Ct. 512, 72 L. Ed. 895. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used; to be taken and understood, in the absence of ambiguity, in their plain, ordinary, and popular sense. * * *

"And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the insurer, would be to vary the plain terms of a contract in utter disregard of long-settled principles."

The Supreme Court of North Carolina in the case of Brady v. Funeral Benefit Association, 205 N. C. 5, 169 S. E. 823, said: "This is a case to which the language of the court in Hay v. The Association, 143 N. C. 256, 55 S. E. 623, 624, may appropriately be applied: 'It is always sad when one who has made payments on his policy deprives his family of expected protection by failure to pay at a critical time. But insurance is a business proposition, and no company could survive if the insured could default while in good health, but retain a right to pay up when impaired health gives warning. It is a warning of which the company also has a right to take notice, when asked to waive a forfeiture. It is the insured's own fault when he does not make a payment as he contracted.' "

See, also, Order of United Commercial Travelers of America v. Belue (C. C. A.) 263 F. 502; Hope v. Travelers' Protective Association of America, 130 S. C. 381, 126 S. E. 45; Page v. The Junior Order, 153 N. C. 404, 69 S. E. 414; Travelers' Protective Association of America v. Ziegler (Tex. Civ. App.) 250 S. W. 1115.

■ Nor can there be here any question of waiver on the part of the defendant association. The receipt given to the insured expressly stated that it did not waive delinquency and that no benefits were payable for any injury received by the insured between June 30th and the actual date of the payment of dues. Nothing could be plainer. In addition to this, the plaintiff failed to notify the defendant association of the accident that had happened to him. This he should have done in all good faith. There is no evidence that in the course of dealings between the insured and the defendant association any credit was ever extended to him or any dealings had with him outside of the provisions of the application, policy, and the by-laws and constitution of the defendant association. All the transactions between the insured and the defendant were in strict accordance with the contract. The evidence shows that, when the defendant was in arrears beyond the period during which he could be reinstated, he was required to make a new application for membership.

On the question of waiver see: Page v. The Junior Order, supra; Marks v. Supreme

Tribe of Ben Hur, 191 Ky. 385, 230 S. W. 540, 15 A. L. R. 1277; Hope v. Travelers' Protective Association, supra. See, also, as to questions here involved: Order of United Commercial Travelers v. Edwards (C. C. A.) 51 F.(2d) 187; Kerns v. Ætna Life Insurance Co. (C. C. A.) 291 F. 289; Frankel v. New York Life Insurance Co. (C. C. A.) 51 F.(2d) 933.

Attorneys for plaintiff rely upon the case of Moore v. General Accident, Fire & Life Assurance Corp., Ltd., 173 N. C. 532, 92 S. E. 362, but a study of that case shows that it is easily distinguishable from the instant case, and, even were the decision there controlling upon us, it is not in point.

Without expressing any opinion as to the soundness of the holding in the Moore Case, we find that in that case the court held that there had been a long and continuous course of dealings between the parties during which the insurance company had extended credit to the insured and that the check given for the dues expressly stated that it was given for "full term" covering the period when the accident happened. Neither of these conditions is found here.

Plaintiff also relies upon the New York Life Insurance Co. v. Eggleston, 96 U. S. 572, 24 L. Ed. 841, but an examination shows that case to be not in point.

Although the scintilla rule of evidence does not obtain in the federal courts, we do not find in this record any evidence which would sustain a verdict on behalf of the plaintiff if the case were allowed to go to a jury. The insured was fatally injured when his dues were paid. He remitted the dues while delinquent and without giving any notice of the accident. Under these facts there would be a failure of justice were a recovery allowed. The action of the court below in granting the motion for a nonsuit was right.

Affirmed.