BEULAH GALLOP KNIGHT v. PILOT LIFE INSURANCE COMPANY.

(Filed 6 January, 1937.)

1. Insurance § 30c—

Evidence of duplicate payment of a monthly premium *held* insufficient to be submitted to the jury on plaintiff beneficiary's contention that the premium for the month was twice paid, and that if the duplicate payment were credited to a subsequent month the policy would have been in force on the date it was canceled by insurer for nonpayment.

2. Insurance § 30a—

The provision in a life insurance policy that the policy should be void if the stipulated premium is not paid on the due date or within the thirty-one days grace period thereafter is valid.

APPEAL by defendant from *Frizzelle, J.,* at April-May Term, 1936, of DURHAM.

Civil action to recover on a policy of life insurance.

Upon receipt in advance of the first annual premium of $91.40, the defendant, on 25 February, 1931, issued to Thomas W. Knight a $5,000 life insurance policy, payable to his wife, the plaintiff, as beneficiary.

Thereafter, in February, 1933, at the instance of the insured, a "monthly premium privilege" was made a part of said policy, by rider duly attached, and in which it provides: "Each annual premium may be paid in twelve (12) monthly installments of $8.10 each, due on the 25th day of each month. . . . Notice of any premium or installment due under this policy is hereby expressly waived. . . . Nonpayment of any installment when due, or within one month (not less than thirty-one days) thereafter, automatically voids this policy, except as provided by the policy or by law."

It is admitted that all monthly premiums or installments were paid from 25 February, 1933, up to and including the one due 25 August, 1934. None has been paid since this latter date.

On 5 November, 1934, the insured made application for reinstatement of the policy and executed a "Personal Health Certificate for Reinstatement of Lapsed Policy." This application was declined and the insured notified 14 November, 1934, that said policy had been canceled for nonpayment of premiums. The September installment tendered with this application was returned. The insured died 17 February, 1935.

It is contended that the November (1933) installment was paid twice, first by the plaintiff on 1 December, 1933, and again by her husband, out of loan on policy, either on 22 or 29 December, without knowledge of plaintiff's prior payment. Plaintiff says that if this duplicate payment were brought forward and applied to the installment due 25 September,

1934, the policy would have been in force (counting the days of grace) at the time of its cancellation. This contention prevailed in the court below.

From verdict and judgment for plaintiff, the defendant appeals, assigning errors.

*Hedrick & Hall for plaintiff, appellee.*
*Smith, Wharton & Hudgins and Fuller, Reade & Fuller for defendant, appellant.*

STACY, C. J. Was there a duplication of payment of the installment due 25 November, 1933? The question is answered in the negative by defendant's cashier, Miss Rachel Mullen, whom plaintiff called as a witness. She says: "The paper handed me is a check for $8.10 to cover the October 25, 1933, quarterly-monthly premium. It is dated December 1, 1933. . . . The receipt, marked 'P. Ex. 17,' for October, 1933, was the one given in exchange for that check." There was no showing by the plaintiff that the October installment was paid in any manner other than by this check dated 1 December. The confusion seems to have arisen from the fact that the October payment was made after the due date of the November payment. It is conceded that plaintiff's husband paid the November installment in December out of a loan on the policy. As we understand the record, the evidence on the alleged duplication of payment is not sufficient to warrant a finding in plaintiff's favor.

It is provided in the rider, attached to the policy at the instance of the insured and for his convenience, that the nonpayment of any installment when due, or within the period of grace thereafter, automatically voids the policy. Such provision is universally upheld. *Clifton v. Ins. Co.,* 168 N. C., 499, 84 S. E., 817; *Melvin v. Ins. Co.,* 150 N. C., 398, 64 S. E., 180; *Hayworth v. Ins. Co.,* 190 N. C., 757, 130 S. E., 612.

Speaking to a similar situation in *Hay v. Association,* 143 N. C., 256, 55 S. E., 623, *Clark, C. J.,* delivering the opinion of the Court, very pertinently said: "It is always sad when one who has made payments on his policy deprives his family of expected protection by failure to pay at a critical time. But insurance is a business proposition, and no company could survive if the insured could default while in good health, but retain a right to pay up when impaired health gives warning. It is a warning of which the company also has the right to take notice when asked to waive a forfeiture. It is the insured's own fault when he does not make a payment as he contracted."

A careful perusal of the record leaves us with the impression that the demurrer to the evidence should have been sustained.

Reversed.