MARVIN ALLEN v. NATIONAL ACCIDENT & HEALTH INSURANCE COMPANY.

(Filed 1 February, 1939.)

1. **Insurance § 30a—Policy in suit held to have lapsed for nonpayment of premiums.**

Under the terms of the policy in suit, premiums were due on the first of each month with a seven-day grace period, with provision that the policy should lapse as of the due date if premiums were not paid within the grace period, with further provision that acceptance of premiums by the company after that time should reinstate the policy only as to accidental injuries thereafter sustained and such sickness as might begin more than ten days after such acceptance. *Held:* Under the terms of the contract the policy lapsed as of the due date of the premiums upon failure to pay the premium prior to the expiration of the grace period, and tender or payment on the twentieth of the month does not put the policy in force as to illness beginning on the seventh of the month, the acceptance of premiums after the expiration of the grace period, if in fact insurer did accept same, having the effect under the terms of the contract of reinstating the policy prospectively only.

2. **Insurance § 13—**

An insurance contract is of the making of the parties, and they agree upon its terms, provisions and limitations.

**3. Insurance § 30a—**

  Insurance companies are dependent upon the collection of premiums for successful operation and existence, and failure of insured to pay premiums when due or within the grace period allowed automatically avoids the policy in the absence of waiver.

Appeal by defendant from *Sink, J.,* at September Term, 1938, of FORSYTH.

Civil action to recover on a policy of accident and health insurance.

Upon the payment of the first monthly premium of $1.73, the defendant, on 21 October, 1936, issued and delivered to the plaintiff a monthly term policy of accident and health insurance, which provides for benefits of $40 a month under certain conditions therein stipulated.

The policy also provides for monthly premiums as follows:

"Renewal premiums hereon are due in advance on the first day of each renewal period, but the insured shall have seven days in which to pay any premium after the first. If not paid before the expiration of the grace period, the policy will lapse and become void as of the due date, but may, at the option of the company, be reinstated in accordance with the terms of standard provision three."

Standard provision three follows: "3. If default is made in the payment of the agreed premium for this policy, the subsequent acceptance of a premium by the company, or by any of its duly authorized agents shall reinstate the policy but only to cover accidental injury thereafter sustained and such sickness as may begin more than ten days after such acceptance."

The monthly premiums were paid and the policy kept in force from its date until midnight, 31 August, 1937. The premium due on the first day of September was not paid or tendered until 20 September, after the seven days of grace had expired, and after the disability for which indemnity is here sought had begun.

In plaintiff's notice of claim filed with the defendant on 25 September, 1937, he states that he was taken ill on 7 September, 1937, and called a physician on 10 September. The attending physician certified that he visited the plaintiff three times, 10, 17 and 19 September, and on his last visit, plaintiff was sent to the hospital.

This action was instituted 21 January, 1938, to recover disability benefits for 3½ months, amounting to $130.00.

Upon denial of liability and issue joined, the jury responded in favor of the plaintiff. From judgment on the verdict, the defendant appeals, relying chiefly upon its exception to the refusal of the court to dismiss the action as in case of nonsuit.

*W. H. Boyer and Richmond Rucker for plaintiff, appellee.*
*C. B. Poindexter and William Porter for defendant, appellant.*

STACY, C. J.  Conceding without deciding that the policy was in force during the grace period of seven days from 1 September to 7 September, the failure to pay the monthly premium before the expiration of this period caused the policy to lapse, according to its terms, and to become void as of the due date.  The acceptance of premiums thereafter, if any were accepted, had the effect of reinstating the policy prospectively, but not retroactively.  Such is the language of the policy.  *Sanderlin v. Ins. Co.,* 214 N. C., 362; *Gilmore v. Ins. Co.,* 214 N. C., 674; *Hayworth v. Ins. Co.,* 190 N. C., 757, 130 S. E., 612.

The contract is of the making of the parties.  They have agreed upon its terms, provisions and limitations.  *Gorham v. Ins. Co.,* 214 N. C., 526; *Whitaker v. Ins. Co.,* 213 N. C., 376, 196 S. E., 338; *Mills v. Ins. Co.,* 210 N. C., 439, 187 S. E., 581; *McCabe v. Casualty Co.,* 209 N. C., 577, 183 S. E., 743.  The payment of premiums is of the essence of the undertaking and upon its compliance depends the life and success of the insurance company.  *Clifton v. Ins. Co.,* 168 N. C., 499, 84 S. E., 817.

It is generally understood that the nonpayment of premiums when due, or within the period of grace thereafter, in the absence of waiver, automatically avoids a policy of insurance.  *Moore v. Accident Assurance Corp.,* 173 N. C., 532, 92 S. E., 362; *Knight v. Ins. Co.,* 211 N. C., 108, 189 S. E., 121; *Trust Co. v. Ins. Co.,* 199 N. C., 465, 154 S. E., 743; *Melvin v. Ins. Co.,* 150 N. C., 398, 64 S. E., 180.

The language of *Clark, C. J.,* in *Hay v. Association,* 143 N. C., 256, 55 S. E., 623, would seem to be appropriate here: "It is always sad when one who has made payments on his policy deprives his family of expected protection by failure to pay at a critical time.  But insurance is a business proposition, and no company could survive if the insured could default while in good health, but retain a right to pay up when impaired health gives warning.  It is a warning of which the company also has a right to take notice when asked to waive a forfeiture.  It is the insured's own fault when he does not make a payment as he contracted."

Having allowed the policy to lapse for nonpayment of premiums, the plaintiff is not entitled to recover.  *Brady v. Benefit Assn.,* 205 N. C., 5, 169 S. E., 823.

Reversed.