MARY L. BLAKE v. HOSPITAL CARE ASSOCIATION.

(Filed 31 May, 1939.)

1. Insurance § 38—Cause remanded for findings sufficient to determine claim that insurer waived provision excluding hospitalization for maternity care.

　　The agreed statement of facts disclosed that the defendant issued a policy of hospital insurance with optional right to renew same at the end of any term period, that the policy included hospitalization for maternity care after the first year but that when the policy was sent to defendant to change the name of insured from her maiden to her married name, defendant added a rider excluding maternity care, that plaintiff protested, and that defendant's agent promised to take the matter up, but that no report was ever made to plaintiff, and that plaintiff thereafter

continued to pay the premiums required. This suit was instituted to recover expenses of hospitalization for maternity care incurred after plaintiff had paid several premiums on the policy after the rider had been attached, plaintiff contending that defendant could not alter the terms of the policy upon renewal and that defendant had waived the provisions of the rider by its silence after her protest. Defendant claimed that plaintiff, by paying premiums after the attachment of the rider, had acquiesced in its provisions. *Held:* The facts agreed are insufficient for a determination of plaintiff's claim of waiver and defendant's claim of acquiescence, and the cause is remanded for further proceedings.

**2. Appeal and Error § 40—**

Where the agreed statement of facts is insufficient to enable the court to proceed to judgment, it is error for the court to dismiss the action, and upon appeal the judgment of dismissal will be vacated and the cause remanded for further proceedings according to law.

APPEAL by plaintiff from *Grady, Emergency Judge,* at Chambers in NEW BERN, 2 March, 1939. From GUILFORD.

Civil action to recover on certificate of hospitalization.

The facts are these: On 10 February, 1936, Miss Mary E. Langley applied for membership in the defendant association and was issued a certificate of hospitalization. She paid her dues quarterly up to and including the quarter ending 10 August, 1938.

On 8 December, 1937, the plaintiff requested that her name be changed to Mrs. Mary L. Blake and sent in her certificate for this purpose. The defendant returned the certificate with the following endorsement:

"Endorsement Made A Part Of Certificate RXA 8023.

"This endorsement will acknowledge the change in name of the holder of this certificate from Miss Mary E. Langley to Mrs. Mary L. Blake.

"Effective on the tenth day of February, 1938, the Association shall not be liable for any hospitalization for obstetrical care, including pre-natal care and/or complications arising therefrom."

Objection was made to this endorsement and defendant's district manager promised to take the matter up with the home office and report, but no report was ever made.

On 30 July, 1938, plaintiff entered the Piedmont Memorial Hospital, Inc., Greensboro, N. C., for obstetrical care and remained there a period of nine days, incurring a bill of $58.50, for which this suit is brought.

The certificate contains the following provisions:

1. "This certificate with endorsements, if any, is issued in considera-tion of and a reliance upon the truth and completeness of the statement of facts made in the application therefor, and payment in advance of the registration fee of $2.00 and the required dues of $3.00 for the period beginning at 12 o'clock noon, standard time at the residence of the certificate holder on the 10th day of February, 1936, and ending at

such standard time on the 10th day of May, 1936, and may be renewed upon consent of the Association."

2. "Beginning one year from the date of this certificate, if then in force, the service hereunder shall include maternity cases, but shall be limited to ten days of hospital care during any one certificate year for each respective certificate holder or adult member requiring such care, anything herein contained to the contrary notwithstanding."

From judgment dismissing the action upon the facts agreed, plaintiff appeals, assigning error.

*Adam Younce for plaintiff, appellant.*
*John T. Manning for defendant, appellee.*

STACY, C. J. The question for decision is whether plaintiff's hospitalization is covered by the certificate in suit. It is conceded that the certificate contains a provision including her case and an endorsement excluding it.

The optional right of the association to renew the certificate at the expiration of any term period is not presently controverted. Plaintiff says, however, that the defendant may not renew the certificate and at the same time delete it of its essential features. To do so is not to "renew," but to issue a different certificate. Having issued the certificate with provision covering plaintiff's case, followed by numerous elections to renew it, plaintiff says the endorsement ought not to be permitted to destroy the certificate so far as she is concerned. Defendant answers by saying, "You paid dues for two quarterly periods after the rider or endorsement had been placed on the certificate and with knowledge of it." "Quite true," says the plaintiff, "but I protested and you promised to give me some reply, which you never did. You accepted my dues knowing that I was relying upon the provision in the body of the certificate at variance with the endorsement, and you thereby lulled me into a sense of security. To insist upon the endorsement now would partake of the nature of imposition and amount to a species of fraud. You have waived it by your conduct." *Dibbrell v. Ins. Co.*, 110 N. C., 193, 14 S. E., 783.

The plaintiff had been a member of the association for two years, and it is admitted that her quarterly dues were paid regularly. The certificate in terms excludes maternity cases during the first year and includes them thereafter, if then in force. Plaintiff was induced to continue her membership in the association by reason of this provision, and the endorsement undertaking to eliminate it at the end of the second year came as a surprise. She protested. Defendant promised to act upon her protest, and did so only by silence. In the meantime, plaintiff

23—215

continued to pay her dues as required by her membership in the association, and the defendant accepted them.

The plaintiff invokes the doctrine of waiver and what she terms the greater merit. *Underwood v. Ins. Co.,* 185 N. C., 538, 117 S. E., 790. The defendant relies upon the letter of the endorsement and what it calls the stronger position. *Allen v. Ins. Co.,* 215 N. C., 70; 14 R. C. L., 933.

As between the claims of waiver on the one side and acquiescence on the other, the facts agreed are not determinative of the issue, and, hence, are insufficient to warrant the court in proceeding to judgment. *Roebuck v. Trustees,* 184 N. C., 611, 113 S. E., 927.

The judgment will be vacated and the cause remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.