**FIRST BANKERS INSURANCE COMPANY, Appellant,**

v.

**G. H. NEWELL et ux., Appellees.**

**No. 8095.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 1, 1971.

Rehearing Denied March 1, 1971.

Stigall, Maxfield & Collier, John F. Maxfield, Dallas, for appellant.

Huff & Bowers, Mike Thompson, Lubbock, for appellees.

JOY, Justice.

Appellees brought suit on a hospitalization insurance policy and from judgment had against appellant, the company has here appealed. Affirmed.

The original policy of insurance was issued in 1964 to appellee Newell. A premium payment became due on August 20, 1967, but was not paid by plaintiff and the 31-day grace period provided for in the policy expired on September 20, 1967. On September 26, the appellee wrote the appellant inquiring as to the amount of premium due. Prior to the appellant's answering this inquiry and on October 5, appellee mailed a quarterly premium payment of $64.40 to the appellant insurer. The appellant then sent a reinstatement application to appellee that was returned to the company in completed form on October 13, 1967. The company then approved the reinstatement of the policy on October 18. On October 16, Mrs. Newell was examined by Dr. Bronwell and the examination revealed that Mrs. Newell had a breast cancer. On October 19, the appellee wife was hospitalized for surgery which precipitated the claim on the policy giving rise to the law suit.

Appellant's contention here is that no sickness was covered by the policy except under the reinstated policy which contained the provision that "(only) loss due to such sickness as may begin more than (10) days after such date; * * *." If this be so, then only a sickness beginning October 29, 1967 and thereafter would be covered by the policy. However, the language in the policy in reference to the 31-day grace period is clear and unambiguous reading as follows: "C. Grace Period. A grace period of ten (10) days for monthly premium policies and thirty-one (31) days for all other policies will be granted for the payment of each premium falling due after the first premium, during which period the policy shall continue in force." The grace period provision is required by Art. 3.70-3 of the Texas Insurance Code, V.A.T.S., in substantially the language used in the policy. The policy insures the holder against loss resulting from sickness defined as "sickness or disease contracted or originating more than –0– days from the Issue Date hereof and while this Policy is in force which results in loss covered by this Policy." Appellant admits to the absence of case authority in Texas on the point raised and cites out-of-state authorities, one of which is Allen v. National Accident & Health Ins. Co. (1939), 215 N.C. 70, 1 S.E.2d 94. That case is distinguishable in that the policy involved there prescribed in part " * * * If not

paid before the expiration of the grace period, the policy will lapse and become void as of the due date, * * *" The Legislature in Art. 3.70-3, supra, has added no qualification as above and we hold that any loss of the insured occasioned by a sickness originating during the grace period is covered whether or not the premium is paid during the grace period in accordance with the clear language used in the statute and the policy.

 Appellant further contends insufficient evidence to support the submission of Special Issue I inquiring whether or not the sickness originated on or before September 20, 1967, which was the last day of the grace period. The record reflects that Dr. Bronwell examined Mrs. Newell on October 16, 1967, at which time he diagnosed her sickness as a tumor of the right breast. Mrs. Newell gave Dr. Bronwell the history of the mass as having been present for three or four weeks prior to that examination. Dr. Bronwell further testified by interrogatories that the carcinoma (tumor) had been there for at least one month prior to his examination of October 16, 1967. Mrs. Newell testified upon trial that the condition had "aggravated" her for three or four weeks prior to her consultation and examination on October 16. In reviewing all the evidence as we are required to do, we are of the opinion there was sufficient evidence of probative force for the submission of the issue and to sustain the answer as given by the jury.

■ Appellant also complains of the trial court's failure to submit to the jury its specially requested instruction in reference to the date the sickness originated which read as follows: "To aid you in answering the immediately foregoing special issue you are instructed that the sickness originated when such sickness first becomes manifest or active and not necessarily at the earlier time when the medical cause of the sickness may have begun or had its origin." We are unable to find

in the record any evidence that would require the instruction as requested. There is no evidence of any "earlier time when the *medical cause* of the sickness may have begun or had its origin." (emphasis ours). We agree that the "cause" of a sickness or disease originates when the sickness or disease becomes manifest or active. See First Bankers Ins. Co. v. Howell, 446 S.W. 2d 711 (Tex.Civ.App. n. w. h.). Dr. Bronwell having testified that the tumor or cancer had been present for at least a month prior to October 16 would place the sickness or disease as originating or becoming active prior to September 16 which is within the grace period of the policy. There was no testimony or evidence of the medical cause of the tumor or cancer, therefore, we think the trial court properly excluded the requested instruction.

The judgment of the trial court is affirmed.