Smith P. REYNOLDS, III, Appellant,

v.

MID–SOUTH INSURANCE CO., d/b/a
Mid–South Insurance Company of
North America, Appellee.

No. 12–89–00297–CV.

Court of Appeals of Texas,
Tyler.

Aug. 31, 1992.

Trey Yarbrough, Tyler, for appellant.

Thomas W. Reardon, Jr., Gregory D. Smith, Tyler, for appellee.

COLLEY, Justice.

This is a summary judgment case. Appellant Smith P. Reynolds, III, brought suit against Appellee Mid–South Insurance Company of North America to recover medical and related expenses he incurred in the treatment of a physical ailment he suffered in 1987.

On February 1, 1987, Appellee issued a group insurance policy to "United Services Association." Appellant, a member of that group, received a certificate of insurance effective the same date, providing him personal coverage under the group policy for "major medical expense benefits." Each member of the group paid the full premium for the coverage he received. The record reveals that Appellant paid his first monthly premium on February 1, 1987, but failed to pay the premium due on March 1, 1987.

The policy contains a provision supplying a "grace period" of thirty-one days for payment of over-due premiums. The policy provision [1] extends coverage until "the end of the grace period." (Page 18 of Policy, Transcript p. 42.) However, Appellant did not pay the March premium within the grace period,[2] nor did he seek medical assistance during such period, but first saw a doctor, Dr. E.W. Claywater, Jr., a urologist on April 7, 1987. From that date forward, he incurred medical expenses for treatment of his ailment, and later timely filed a claim for the incurred expenses with Appellee for a substantial amount. Appellee denied the claim.

Appellee filed its motion for summary judgment on the grounds that the Appellant's coverage "automatically terminated" because Appellant did not pay the March premium within the grace period, and that the claim filed embraced charges he incurred *after* the grace period had expired." The motion was supported by the affidavit of Mary Damiani, an official of "First Service Group, Inc.," who was responsible for computing and collecting premiums on the group policy. Damiani testified by affidavit that Appellant's payment for the March and April 1987 premiums were not received in the Houston office of Appellant until April 20, 1987. The policy was attached to the motion, and it provides that premiums for the coverage, "are pay-

---

1. A grace period of ten days is required by Tex.Ins.Code Ann. art. 3.70–3(A)(3) (Vernon 1981).

2. Under the contract, the grace period expired on April 1, 1987.

able ... on or before ... due date ... at [Appellee's] Group Accident and Health Division, Houston, Texas, or to any authorized agent...." Appellant, in response to the motion, alleges that specific facts exist precluding summary judgment, (1) that the illness for which he incurred medical expense originated within the policy grace period, that his illness originated prior to the effective date of any purported cancellation of the policy; and (2) that he mailed his premium payment for the month of March, 1987 before he received notice of cancellation.

Appellant further alleges by his response, that even if he failed to pay the March 1987 premium within the grace period, nevertheless he was entitled to recover benefits under the policy because the medical testimony conclusively establishes that his "illness for which [he] incurred medical expenses originated during the grace period." He further alleges that his claim for benefits also "originated prior to the effective date of cancellation." On the latter ground, Appellant relies on TEX.INS.CODE ANN. art. 3.70–3(B)(6).

Appellant alleges three points of error. By his first point, he alleges a general point of error claiming that the trial court erred in granting the summary judgment. By his second point, he alleges that the court erred in granting the motion "because a material fact issue [was raised] as to whether [Appellant's] illness originated within the policy grace period." Under his third point of error, Appellant alleges that the court erred in granting summary judgment "because a material fact issue [was raised] as to whether [Appellant's] claim under the insurance policy originated prior to the effective date of cancellation."

Under these points, the Appellant, alluding to the grace period, points out that "if any premium is not paid before the expiration of the ... grace period, the insurance terminates at the end of the grace period." Appellant correctly contends that the summary judgment evidence demonstrates that the kidney stone illness he suffered "originated prior ... to the end of the thirty-one (31) day grace period," and that he "incurred medical expenses for the treatment and care of this illness," and that he filed a

timely written claim for such expenses. He also argues that under *First Bankers Ins. Co. v. Newell*, 463 S.W.2d 745, 747 (Tex.Civ.App.—Amarillo 1971), *aff'd*, 471 S.W.2d 795 (Tex.), because the ailment for which he was treated and for which he incurred medical services, "[originated] within the grace period," he is entitled to recover the medical expenses "even where the policy is terminated due to non-payment of premium and the premium is not paid during the grace period."

From Appellant's brief, it is clear that he is contending that the issue before us should be resolved by our interpretation of the policy that if the covered sickness originates within the grace period, the expense incurred for its care and treatment is recoverable under the policy. However, in the policy before us, the insuring clause, found on page 33 of the policy and on page 57 of the transcript, provides:

INSURING CLAUSE

(1) If a Covered Person incurs *Covered Expenses* under these Major Medical Expense Benefits for the necessary medical care and treatment of ... sickness, the Company will pay benefits at the rate shown under 'Percentage Payable' in the Schedule of Insurance up to the Maximum Benefit allowable.
(Emphasis added.)

Appellee's policy also contains the following, at policy page 35 and transcript page 59, to-wit:

COVERED EXPENSES

Subject to [certain exclusions], a 'Covered Expense' means an expense for any one of the below listed items of medical care, services and supplies.... A Covered Expense will be *considered incurred on the date as of which the item of care, services or supplies for which the charge is made, is furnished.*
(Emphasis added.)

Following the above provisions, the policy specifically lists the items falling within the definition of "Covered Expense" (pages 35–37 of the policy, transcript pages 59–61). Those listed items are followed by provisions for "Special Limitations" and "Risks Not Assumed" (pages 37–40 of policy, transcript pages 61–64). The latter provision listing risks not assumed, uses the phrase

"charges for ..." applying to the excluded items of care for injury or sickness.

The summary judgment evidence establishes conclusively that the Appellant first incurred charges for medical care on April 7, 1987, that the grace period expired no later than April 1, 1987, and that the policy coverage terminated on April 1, 1987.

The resolution of this appeal therefore rests upon a single law question, *viz.*, assuming that the pertinent policy provisions are not ambiguous or conflicting with other portions of the policy (neither party so contends), Does Appellant's personal insurance under the policy cover expenses for illness manifested before the end of the grace period but not "incurred" during such time?

We have carefully studied the entire policy within its four corners and conclude that the applicable language in the portions quoted is clear and unambiguous, *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex.1987), and leads to the conclusion that Appellant can recover from Appellee only those "Covered Expenses" for which a charge was made during the life of the policy. *Aetna Life Ins. Co. v. Forbau*, 808 S.W.2d 664 (Tex.App.—Amarillo 1991, writ granted); *Riverside Ins. Co. of America v. Cargill*, 570 S.W.2d 455 (Tex.Civ.App.—Amarillo 1978, no writ).

Since the record conclusively shows that the policy was terminated before any charges for medical care and treatment were incurred by Appellant, the judgment must be affirmed.

The judgment is affirmed.

RAMEY, C.J., not participating.